Jerome H. MOORE and Mildred V. Moore,
Appellees,

v.

UNITED STATES of America,
Appellant.

Jerome H. MOORE and Mildred V. Moore,
Appellants,

v.

UNITED STATES of America,
Appellee.

Nos. 9895, 9896.

United States Court of Appeals
Fourth Circuit.

Argued June 30, 1965.

Decided Dec. 7, 1965.

Modification of Decision of
December 7, 1965.

Filed April 29, 1966.

Gen., and Lee A. Jackson and David O. Walter, Attys., Dept. of Justice, and Thomas B. Mason, U. S. Atty., on brief), for appellant in No. 9895 and appellee in No. 9896.

James H. Michael, Jr., and Robert M. Musselman, Charlottesville, Va., for appellees in No. 9895 and appellants in No. 9896.

C. Moxley Featherston, Acting Asst. Atty. Gen., Lee A. Jackson, David O. Walter and Burton Berkley, Attys., Dept. of Justice, and Thomas B. Mason, U. S. Atty., on supplemental brief for United States.

James H. Michael, Jr. and Robert M. Musselman, Charlottesville, Va., on supplemental brief, for Mildred V. Moore.

Burton Berkley, Attorney, Dept. of Justice (Louis F. Oberdorfer, Asst. Atty.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BOREMAN, Circuit Judges.

SOBELOFF, Circuit Judge:

The principal question before us is whether a criminal conviction for tax evasion works a collateral estoppel on the issue of fraud in a subsequent civil suit over a fraud penalty.

The point arises in a suit for refund filed by Mr. and Mrs. Jerome H. Moore for taxes paid in 1960 for the years 1955–58. The Commissioner filed a counterclaim for additional taxes and fraud penalties assessed pursuant to 26 U.S.C.A. § 6653(b) [1] for the tax years in question. The only evidence offered by the Commissioner in support of the fraud assessment was the 1961 criminal conviction of Jerome Moore, after his plea of not guilty and trial, for willfully attempting to evade and defeat the payment of income taxes for the years in question in violation of 26 U.S.C.A. § 7201.[2] The Government took the position that the existence of fraud was necessarily determined in the prior criminal trial in which

---

1. 26 U.S.C.A. § 6653—Failure to Pay Tax—

"(b) *Fraud.*—If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment."

2. 26 U.S.C.A. § 7201 *Attempt to Evade or Defeat Tax*—

"Any person who willfully attempts in any manner to evade or defeat any tax

Moore was convicted. The District Court rejected this contention, holding that despite the prior criminal conviction the issue of fraud was not foreclosed in the civil proceeding. We are compelled to a different view.

■ An answer was recently given by the Fifth Circuit to the identical legal issue presented here. It held that fraud is a necessary element in a criminal conviction for evasion, and that the earlier conviction supplies the basis for a finding of fraud in the civil proceeding to determine tax liability. Tomlinson v. Lefkowitz, 334 F.2d 262 (5th Cir. 1964), cert. denied, 379 U.S. 962, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965).[3] We adopt, without repetition, Judge Tuttle's opinion in that case.

■ Though the evasion statute does not in terms require a finding of fraud, we can recall no case in our experience where, accepting the truth of the facts leading to conviction for evasion, one could say that there was not sufficient proof for a finding of fraud in the civil case. In fact, the taxpayers in the argument of this case have been unable to hypothesize a case contrary to this experience. The practicalities, as we have observed them, are dictated by the nature of the definition given to the respective provisions by the courts. Repeatedly it has been held that civil fraud is not committed when an understatement of income or an overstatement of deductions is due to "inadvertence, negligence or honest errors." See, e. g., Archer v. Commissioner of Internal Revenue, 227 F.2d 270, 274 (5th Cir. 1955). To constitute civil fraud it must be shown that there was conduct variously described as being "evil," "in bad faith," "deliberate and not accidental," or "wilful." Balter, Tax Fraud and Evasion 2.2 (1963). The criminal evasion statute

specifically turns on "willfulness," one of the terms used to define civil fraud, and "willfulness" in turn is described in evasion cases as acting

"with a bad heart, and a bad intent; it means having the purpose to cheat or defraud * * *. It is not enough if all that is shown is that the defendant was stubborn or stupid, careless, negligent, or grossly negligent." Gaunt v. United States, 184 F.2d 284, 291 n. 4 (1st Cir. 1950), cert. denied, 340 U.S. 917, 71 S.Ct. 350, 95 L.Ed. 662 (1951). See Wardlaw v. United States, 203 F.2d 884 (5th Cir. 1953).

Several opinions, while not addressed specifically to the relationship of a conviction for criminal evasion to civil fraud, have stated that to satisfy the Government's burden of proof in a criminal evasion case, it must show an "attempt wilfully to defraud." United States v. Schenck, 126 F.2d 702, 704 (2d Cir.), cert. denied, sub nom. Moskowitz v. United States, 316 U.S. 705, 62 S.Ct. 1309, 86 L.Ed. 1773 (1942). An illustrative opinion uses this language:

"The real character of the offense lies * * * in the attempt to defraud the government by evading the tax." Gariepy v. United States, 220 F.2d 252, 259 (6th Cir.), cert. denied, 350 U.S. 825, 76 S.Ct. 53, 100 L.Ed. 737 (1955).

The only difference that has been discovered, in theory or practice, between the constituent elements of the two statutes is the larger quantum of proof required in a criminal evasion case:

"A civil case ripens into a criminal case when it has that elusive but additional ingredient of insidiousness that enables the government to prove its case beyond a reasonable doubt. In this respect, every civil evasion case may be considered as one that never fully ripened into a crime, and every

---

imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or

both, together with the costs of prosecution."

3. The position taken in this opinion has been recently described as the "sounder view" in 10 Mertens, Federal Income Taxation, § 60.26, n. 21.2 (1965 Supp.).

criminal case as one that was too insidious to be disposed of on a purely civil level." Beck, When Avoidance: When Evasion, 18 N.Y.U. Inst. on Fed. Taxation 1093, 1104–05 (1960). See Balter, Tax Fraud and Evasion 2.2 (1963); Gutkin, Tax Law Violations and Enforcements: The Handling of Penalty Cases, 6 N.Y.U. Inst. on Fed. Taxation 189, 202 (1948).

Thus, while the criminal evasion statute does not explicitly require a finding of fraud, the case-by-case process of construction of the civil and criminal tax provisions has demonstrated that their constituent elements are identical.

The decision in United States v. Scharton, 285 U.S. 518, 52 S.Ct. 416, 76 L.Ed. 917 (1932), does not militate against the above analysis. There the taxpayer was indicted for criminal evasion more than three years after the tax year in question. The statute then in force provided for a three-year period of limitations for "offenses arising under the internal revenue laws * * *." The Government argued that the statutory exception "for offenses involving the defrauding [of] * * * the United States * * *" was applicable, in which case the applicable limitation period would have been six years. The Court affirmed a dismissal of the prosecution, holding that since a statute of repose must be narrowly construed the six-year exception could be applied only to those offenses where the indictment must specifically aver an intent to defraud. Thus the Court did not hold that fraud was not a constituent element of criminal evasion; rather, it merely held that the longer period of limitations was applicable to offenses in which the statute explicitly referred to fraud. Even this narrow holding was drawn into question in a later case that gave a more expansive reading to a similar statute providing a longer period of limitations in respect to violations involving an intent to defraud. United States v. Grainger, 346 U.S. 235, 73 S.Ct. 1069, 97 L.Ed. 1575 (1953).[4]

■ We reject as without substance the argument that the application of the doctrine of collateral estoppel deprives the taxpayer of his right to judicial review. The rationale of the doctrine of estoppel by judgment is that a competent tribunal has already given the question at issue full judicial review. Furthermore, the first proceeding being criminal in nature, it follows that the burden of proof met by the Government there was more exacting than that required of it in this civil case.

We therefore hold that this taxpayer is collaterally estopped to deny that he was guilty of fraud during the years in question. This estoppel applies to Mrs. Moore also even though she was not a party to the criminal action, since she signed the joint returns involved in the fraud. Ginsberg's Estate v. Commissioner of Internal Revenue, 271 F.2d 511 (5th Cir. 1959).

■■ The taxpayer, in turn, contended in the District Court that the Government itself was collaterally estopped from redetermining the amount of taxes owed for the years in question, since it had stipulated in the earlier criminal proceeding the exact amount owed. The District Judge ruled that the Government was not estopped because the determination of an exact liability was not "essential to the judgment," a prerequisite to the application of the doctrine of collateral estoppel. Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 601, 68

---

4. "We believe that Congress sought by its phrase 'involving fraud * * * in any manner' to make the * * * Act applicable to offenses which are fairly identifiable as those in which fraud is an essential ingredient, by whatever words they be defined, and that Congress did not seek to limit its applicability to such of those identifiable offenses as also are labeled with a particular symbol." Grainger, at 244, 73 S.Ct. at 1074.

In addition, the Court six years after the *Scharton* opinion indicated that the question of whether fraud was a constituent element of criminal evasion was still moot. Helvering v. Mitchell, 303 U.S. 391, 398, 58 S.Ct. 630, 82 L.Ed. 917 (1938).

S.Ct. 715, 92 L.Ed. 898 (1948). With this ruling we agree. As stated by the District Judge, "a conviction under 26 U.S.C.A. § 7201 does not require the proving of any definite sum of taxable income beyond a substantial amount." Moore v. United States, 235 F.Supp. 387, 391 (W.D.Va.1964). There is therefore no basis here for the application of the estoppel doctrine against the Government in respect to the amount of taxes due.

Affirmed in part and reversed in part.

### Modification of Decision of December 7, 1965.

Jerome H. Moore and his wife, Mildred V. Moore, filed joint income tax returns for the years 1955–1958. In 1961 the husband was convicted after trial, pursuant to 26 U.S.C.A. § 7201, for willful evasion of taxes in those years. Subsequently a fraud assessment was made against both taxpayers pursuant to 26 U.S.C.A. § 6653(b), and when they sued in the District Court for a refund of certain taxes paid, the Government counterclaimed for the unpaid fraud penalties. In our original opinion, issued December 7, 1965, we agreed with the Government's contention that the existence of fraud on Mr. Moore's part was necessarily determined in his prior criminal trial and that as to him the issue of fraud was therefore foreclosed in the civil proceeding, adopting the view of the Fifth Circuit in Tomlinson v. Lefkowitz, 334 F.2d 262 (1964), cert. denied, 379 U.S. 962, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965). As to Mrs. Moore, we expressly held that the collateral estoppel applied to her as well, even though she was not a party to the criminal proceeding, since she signed the joint returns involved in the fraud.

In the briefs and oral arguments the taxpayers failed to raise any contention that Mrs. Moore should be accorded treatment different from her husband. They, and the Government too, apparently assumed that if the conviction worked an estoppel against the husband on the fraud issue, the wife was equally estopped because of her signature on the joint returns, despite the fact that she was not a defendant in the criminal case.

Upon further consideration, however, we recalled our mandate to the District Court as it related to Mrs. Moore, suggesting that perhaps she should be allowed to litigate the question of Mr. Moore's fraud if she so desires; although for the reasons stated in the original opinion, we remained of the view that the husband is estopped by his conviction in the criminal case from contesting the finding of fraud on his part.[1] We requested briefs from both sides as to the wife's right to contest the husband's fraud.

We adhere to the view that the wife becomes liable for all additional taxes, including penalties for fraud, if she has signed a fraudulent joint return, regardless of a lack of fraudulent intent on her part. The "joint and several" liability is expressly imposed by 26 U.S.C.A. § 6013(b)(5) and (d)(3). Ginsberg's Estate v. Commissioner of Internal Revenue, 271 F.2d 511 (5th Cir. 1959); Kann v. Commissioner of Internal Revenue, 210 F.2d 247, 252 (3d Cir. 1953); Howell v. Commissioner of Internal Revenue, 175 F.2d 240 (6th Cir. 1949). Compare Spanos v. United States, 323 F.2d 108 (4th Cir. 1963); Cirillo v. Commissioner of Internal Revenue, 314 F.2d 478 (3d Cir. 1963); Payne v. United States, 247 F.2d 481, 483–484 (8th Cir. 1957).

We conclude, however, that the wife, who was not a party to the criminal proceeding, should not be estopped by the finding of fraud against her husband and that the case should be remanded to the District Court, where she will be permitted to litigate the question of her husband's fraud in the preparation of

1. We also recalled our mandate as it related to Mr. Moore, so as to preserve the opportunity for the taxpayer later to file consolidated petitions to the Supreme Court for a writ of certiorari, if that should become necessary.

358

the joint returns. On remand, the Government will have the burden of establishing the husband's fraud, without reliance on his criminal conviction. If the Government meets its burden, the wife will become jointly liable with her husband for the additional taxes and penalties. Section 6013(b) (5) and (d) (3). But she is not precluded by his conviction from contesting the issue of her husband's fraud. To this extent our original opinion is modified.

We are mindful of what may be a contrary position taken by the Tax Court in Thomas Worcester, Inc. v. Commissioner, P–H Memo T.C. par. 65,199 (1965). There the court stated that:

"Even if we were to agree with Elizabeth [the wife] that she is not collaterally estopped by the prior criminal conviction of Thomas [her husband] to deny fraud in the instant case, her liability on the fraud issue (being joint and several) would still be contrclled by a finding of fraud against Thomas. In other words, it would be completely meaningless, where a joint return has been filed, to reach contradictory results on an issue of fraud." (p. 1122)

We agree that Mrs. Moore's joint liability with her husband arises not from her personal fraud, but from that of her husband, but for a finding of fraud on his part to bind her, it must be made in a proceeding to which she is a party. This requirement cannot be satisfied by invoking the estoppel which Mr. Moore's prior criminal conviction works against him, for Mrs. Moore was not a party to the criminal proceeding. Due process requires that she be accorded her day in court on the issue of her husband's fraud. Her right in the civil proceeding to contest her husband's fraud may not be denied by pointing to her husband's prior criminal conviction, nor should his conviction prejudice her position in the civil proceeding.

Modified and remanded.