Dorothy Plunkett v. Commissioner.
Plunkett v. Commissioner
Docket No. 4763-68.
United States Tax Court
T.C. Memo 1970-275; 1970 Tax Ct. Memo LEXIS 84; 29 T.C.M. (CCH) 1247; T.C.M. (RIA) 70275; September 29, 1970. Filed *84 Held: Petitioner is not collaterally estopped from denying that she is liable for civil fraud penalties under section 6653(b), I.R.C. 1954, for the years 1960 through 1963 because she filed joint Federal income tax returns with her husband who was indicted, convicted on a plea of guilty, and sentenced for criminal income tax evasion under section 7201, I.R.C. 1954, for each of the years 1960, 1961, 1962 and 1963. Arthur N. Nasser, 10 S. LaSalle St., Chicago, Ill., for the petitioner. Nelson E. Shafer, or the respondent. 1248 QUEALY
Memorandum Findings of Fact and Opinion QUEALY, *85 Judge: This is a case for the redetermination of additions to the income tax of the petitioner, under section 6653(b), [1] as follows: Year
Additions to the Tax Sec. 6653(b)
1960
$4,490.20
1961
5,183.23
1962
1,455.10
1963
6,224.12
The foregoing years and amounts are a duplication of the years and amounts in a related case involving petitioner's husband, Haldane M. Plunkett (docket No. 4764-68). The only issue presented for decision is whether the petitioner is collaterally estopped from denying that she is liable for civil fraud penalties under 6653(b) for the years 1960 through 1963 because she filed joint Federal income tax returns with her husband who was indicted, convicted on a plea of guilty, and sentenced for criminal income tax evasion under section 7201 with respect to each of the years 1960, 1961, 1962 and 1963. Findings of Fact The evidence submitted consists of a stipulation of facts with exhibits attached, a supplemental and an oral stipulation of facts, oral testimony and exhibits received at the trial. The facts as stipulated *86 are incorporated herein by this reference. However, since respondent is relying entirely on collateral estoppel, the evidence relied on has been limited to that part of the record which pertains thereto. Haldane M. Plunkett (hereinafter referred to as "Plunkett"), petitioner in the related case involving docket No. 4764-68, and Dorothy Plunkett (hereinafter referred to as "petitioner") are individuals who are and have been husband and wife since they were remarried to each other in 1960. Petitioner resided in Chicago, Illinois when the petition involved herein was filed and at all other pertinent times. The statutory notice of deficiency, which is common to and involved in docket Nos. 4763-68 and 4764-68 was mailed to petitioner and Plunkett on July 11, 1968. For each of the years 1960, 1961, 1962 and 1963, original joint individual Federal income tax returns (Form 1040) were executed by petitioner and Plunkett and timely filed by or on behalf of said individuals with the district director of internal revenue, Chicago, Illinois. During the years 1960 through 1963, Plunkett engaged in the business of food catering with the assistance of petitioner. According to petitioner's *87 joint income tax returns, this business was conducted under the name of Plunkett's Catering and Dinners during 1960 and under the name of Plunkett Famous Dinners during the years 1961 through 1963. On December 20, 1966, a four count indictment was returned against petitioner and Plunkett in the United States District Court, Northern District of Illinois, Eastern Division, Criminal No. 66 CR 769, for violating section 7201 with respect to their original income tax returns filed for each of the years 1960 through 1963. On January 5, 1967, petitioner and Plunkett entered pleas of not guilty to the charges set forth in the aforementioned indictment. On September 20, 1967, Plunkett, by his attorney Maurice J. Walsh, tendered pleas of nolo contendere to the charges set forth in the indictment in the aforementioned criminal proceeding, in lieu of the not guilty pleas previously entered, with counsel's stated understanding that the government would then move to dismiss the indictment as to petitioner. Counsel for the government in Criminal No. 66 CR 769 objected to the tendered pleas of nolo contendere by Plunkett and stated that the government would not move to dismiss petitioner *88 if the pleas of nolo contendere and a judgment of guilty were entered. Plunkett, through his attorney, thereupon withdrew his tendered pleas of nolo contendere and entered pleas of guilty in lieu of the pleas of not guilty previously entered by Plunkett. Following a colloquy between Plunkett and Judge Alexander J. Napoli who presided at the proceedings in Criminal No. 66 CR 769 on September 20, 1967, Judge Napoli entered Plunkett's pleas of guilty to the aforementioned indictment. The government then moved to dismiss petitioner from each of the four counts of the indictment and the motion was granted. During the colloquy, Plunkett acknowledged that he understood the nature of the charges against him. He also acknowledged that he understood, that by entering a plea 1249 of guilty to the charges against him, he was waiving his right to a trial by jury. He also understood that, as a consequence of his guilty pleas, he could be sentenced to a maximum of 5 years in prison and fined up to $10,000 on each of the counts in the indictment against him. Sentence was entered against Plunkett in Criminal No. 66 CR 769 on October 31, 1967. He was sentenced to 3 years' probation on each *89 count of the indictment, to run concurrently, on condition he serve 90 days of the probation in a "jail type" institution commencing November 13, 1967. He was fined $10,000 on each of counts one and two of the indictment (1960 and 1961). On or about November 3, 1967, Plunkett suffered a stroke. On or about January 24, 1968, he paid the $20,000 fine in Criminal No. 66 CR 769 by cashier's check No. 465911 of the Belmont National Bank of Chicago. On or about January 25, 1968, Judge Napoli vacated that portion of the sentence against Plunkett that imposed 90 days' imprisonment. No appeal has been taken from the conviction or sentence in the criminal case against Plunkett. The additions to the tax asserted against petitioner pertain to the same years and returns for which her husband, Plunkett, was indicted, convicted and sentenced for income tax evasion under section 7201. Opinion The only issue for decision is whether petitioner is collaterally estopped from denying that she is liable for civil fraud penalties under section 6653(b)[2] for the years 1960 through 1963 because she filed joint Federal income tax returns with her husband who was indicted, convicted on a plea of guilty, *90 and sentenced for criminal income tax evasion under section 7201[3] with respect to each of those years. This Court has recently held that a husband's conviction for violations of section 7201 does not collaterally estop his wife from denying either that the joint returns filed by her and her husband were false and fraudulent with intent to evade tax or that a part of the underpayment for each of the years involved *91 was due to fraud. C.B.C. Super Markets, Inc., 54 T.C. 882 (1970); and Henry M. Rodney, 53 T.C. 287 (1969) (see also Moore v. United States, 360 F. 2d 353 (C.A. 4, 1966)). We regard the holdings of these cases as dispositive of the issue in this case. The burden of proving fraud under section 6653(b) is placed upon the respondent by section 7454. [4] Fraud is never presumed but must be shown by clear and convincing evidence. Archer v. Commissioner, 227 F. 2d 270 (C.A. 5, 1955), affirming a Memorandum Opinion of this Court; and Frank Imburgia, 22 T.C. 1002 (1954). In the case before us, respondent chose to rely entirely on the doctrine of collateral estoppel to sustain the fraud penalties against the petitioner for the years 1960 through 1963. He did not introduce any evidence with respect to the issue of fraud. *92 Since we have rejected the application of the doctrine of collateral estoppel to the circumstances of this case, and respondent did not introduce any evidence of fraud, respondent has not met the burden of proving fraud imposed on him by section 7454. Decision will be entered for the petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 6653. FAILURE TO PAY TAX. (b) Fraud. - If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). ↩
3. SEC. 7201. ATTEMPT TO EVADE OR DEFEAT TAX. Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution.↩
4. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud. - In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary or his delegate.↩