JOHN WEBSTER FLANAGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent BETTY FLANAGAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Flanagan v. Commissioner
Docket Nos. 1303-73, 1449-73.
United States Tax Court
T.C. Memo 1976-116; 1976 Tax Ct. Memo LEXIS 288; 35 T.C.M. (CCH) 528; T.C.M. (RIA) 760116; April 15, 1976, Filed *288 J was convicted under sec. 7201, I.R.C. 1954, of filing false and fraudulent returns with the intent to evade a large part of his Federal income taxes for 1963 and 1964. When this case was called for trial, there was no appearance by, or on behalf of, J. Held: (1) By relying on the doctrine of collateral estoppel, the Commissioner has satisfied his burden of proving that J's returns for such years were fraudulent with intent to evade tax so that the statute of limitations has not run with respect to such years ( sec. 6501(c)(1), I.R.C. 1954), and the Commissioner's motion for partial summary judgment to that effect will be granted. (2) The Commissioner's motion to dismiss for failure to prosecute and enter decision against J will be granted. (3) By relying on the doctrine of collateral estoppel, the Commissioner has carried his burden of proving that the underpayment of taxes by J was due to fraud ( sec. 6653(b), I.R.C. 1954), and the Commissioner's motion for partial summary judgment to that effect will be granted. John Webster Flanagan, pro se. Bob J. Spann, for the petitioner in docket No. 1449-73. Daniel A. Taylor, Jr., for the respondent. SIMPSON MEMORANDUM OPINION SIMPSON, *289 Judge: This matter comes before us because the Commissioner has made a number of motions with respect to the case of John Webster Flanagan, the petitioner in docket No. 1303-73. In his first motion under Rule 121 of the Tax Court Rules of Practice and Procedure[1] for a partial summary judgment, the Commissioner asks us to hold that the statute of limitations provided in section 6501(a) of the Internal Revenue Code of 1954[2] *290 has not run with respect to the deficiencies placed in issue by Mr. Flanagan. If we hold that the statute of limitations does not bar such deficiencies, the Commissioner then moves for a dismissal of Mr. Flanagan's case pursuant to Rule 123(b) and for entry of decision against him as to such deficiencies because of his failure to prosecute the case. In the event we determine that Mr. Flanagan is liable for such deficiencies, the Commissioner has filed a second motion for a partial summary judgment, in which we are are asked to hold that Mr. Flanagan is liable for the fraud penalty provided in section 6653(b) for the years in issue. In a notice of deficiency dated and mailed on December 4, 1972, the Commissioner determined deficiencies in the Federal income taxes of John Webster Flanagan and Betty Flanagan in the amounts of $62,893.73 for 1963 and $60,276.46 for 1964. He also determined that Mr. Flanagan owed additions to tax under section 6653(b) in the amounts of $31,446.87 for 1963 and $30,138.23 for 1964. At the time the petitioners filed their separate petitions herein, they resided separately in Texas. For the years 1963 and 1964, they filed joint Federal income tax returns with the District Director of Internal Revenue, Austin, Tex. Their return for 1963 was filed in October 1964, and their 1964 return was filed in October 1965. Thus, the notice of deficiency was issued more than 8 years after the 1963 return was filed and more than 7 years after the 1964 return was filed. Mr. Flanagan was tried by a jury and was convicted in June 1970 of violating section 7201 because he willfully and knowingly attempted to evade and defeat a large part of the income tax owing for the years 1963 and 1964 by filing false and fraudulent income *291 tax returns on behalf of himself and his then wife, Betty Flanagan. Mrs. Flanagan was not a party to such criminal proceedings. After due notice, these cases were set for trial in San Antonio, Tex., on January 26, 1976. Mr. Flanagan did not appear at the trial, nor did anyone appear on his behalf. As of the date of the trial, he was a fugitive, and there was an outstanding Federal parole violation warrant for his arrest in connection with five indictments returned against him. 1. Statute of Limitations
Section 6501(c)(1) provides that if a taxpayer files a false or fraudulent return with the intent to evade tax, an assessment of the tax may be made at any time. In his first motion for summary judgment, the Commission argues that because of Mr. Flanagan's conviction under section 7201, he is estopped from denying that his returns for 1963 and 1964 were fraudulent and that therefore the deficiencies for those years may be assessed at any time. We agree. The Commissioner has the burden of proving that Mr. Flanagan was guilty of fraud with intent to evade tax. Sec. 7454(a). The Commissioner can satisfy this burden only if he proves fraud by clear and convincing evidence. Rule *292 142(b). It is well settled that the Commissioner can satisfy such burden by reliance on the doctrine of collateral estoppel. Plunkett v. Commissioner,465 F. 2d 299, 305 (7th Cir. 1972), affg. a Memorandum Opinion of this Court; Moore v. United States,360 F. 2d 353, 356 (4th Cir. 1965), modified 1966, cert. denied 385 U.S. 1001 (1967); Tomlinson v. Lefkowitz,334 F. 2d 262, 266 (5th Cir. 1964), cert. denied 379 U.S. 962 (1965); Henry M. Rodney,53 T.C. 287, 304, 305-306, 310-311 (1969); John W. Amos,43 T.C. 50, 55 (1964), affd. 360 F. 2d 358 (4th Cir. 1965). When a criminal conviction under section 7201 is based on the filing of false and fraudulent returns with the intent to evade tax, such conviction conclusively establishes such facts, and the taxpayer is collaterally estopped from denying them in a subsequent Federal civil tax action. Henry M. Rodney,supra at 305-306, 310-311; Arctic Ice Cream Co.,43 T.C. 68, 75-76 (1964); John W. Amos,supra at 54-55. In this case, Mr. Flanagan was convicted of tax evasion for the years 1963 and 1964 because he filed false and fraudulent returns with intent to evade tax. Consequently, under the principles of collateral estoppel, it follows *293 that for such years, the returns were fraudulent with intent to evade tax, and section 6501(c)(1) is applicable, so that the statute of limitations does not bar the deficiencies determined by the Commissioner. Accordingly, the Commissioner's motion for partial summary judgment on this issue will be granted. 2. Motion to Dismiss
In view of Mr. Flanagan's failure to appear at the scheduled trial of this case, either in person or by representative, the Commissioner moved to dismiss the case for his failure properly to prosecute and to enter a decision as to the deficiencies for 1963 and 1964. Although the Commissioner could have filed a motion under Rule 123(a) for default (see John Albert Gilday,62 T.C. 260, 262 (1974)), the motion to dismiss under these circumstances is in accordance with prior practice of this Court (see Maxine Ruzich,47 T.C. 380, 381 (1967); Louis Morris,30 T.C. 928, 929 (1958)) and Rule 123(b). In view of the circumstances, such motion will be granted, and a decision will be entered against Mr. Flanagan with respect to the deficiencies set forth in the notice of deficiency. 3. Additions to Tax Under Section 6653(b)
The Commissioner's last motion seeks summary *294 judgment with respect to Mr. Flanagan's liability for the 50-percent fraud penalty contained in section 6653(b)[3] for 1963 and 1964. This motion must also be granted because, under well established principles of collateral estoppel, it is conclusively established that when a taxpayer is convicted of tax evasion under section 7201, some part of the underpayment for each year of the conviction was "due to fraud" within the meaning of section 6653(b). Plunkett v. Commissioner,465 F. 2d at 305; Moore v. United States,360 F. 2d at 356; Tomlinson v. Lefkowitz,334 F. 2d at 266; Henry M. Rodney,53 T.C. at 305-306; Arctic Ice Cream Co.,43 T.C. at 75-76; John W. Amos,43 T.C. at 55. Moreover, because fraud has been established by collateral estoppel for the years 1963 and 1964, the statute of limitations does not bar the Commissioner's determination, assessment, or collection of such additions to Mr. Flanagan's taxes. The Commissioner *295 concedes that if Mr. Flanagan is held liable for the deficiencies set forth in the notice of deficiency, Mrs. Flanagan qualifies as an innocent spouse under the provisions of section 6013(e), and accordingly, in docket No. 1449-73, decision will be entered for Mrs. Flanagan. In docket No. 1303-73, an appropriate order and decision for the respondent will be entered. In docket No. 1449-73, decision will be entered for the petitioner. Footnotes
1. All references to rules are to the Rules of Practice and Procedure of the United States Tax Court. ↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years at issue.
3. Sec. 6653(b) provides in relevant part: (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * *↩