CYNTHIA M. CARLSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Carlson v. Commissioner
Docket No. 103-91
United States Tax Court
T.C. Memo 1993-48; 1993 Tax Ct. Memo LEXIS 49; 65 T.C.M. (CCH) 1880; February 8, 1993, Filed *49 Decision will be entered under Rule 155. For petitioner: Neal J. Shapiro and Saul A. Bernick. For respondent: Mary E. Dean. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined deficiencies in and additions to petitioner's 1984 and 1985 income tax, as follows: Additions to Tax
Year
Income Tax
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1984
$ 9,016
$ 4,508
[1]
$ 2,254
1985
10,567
5,284
[2]
2,642
The issues remaining for our consideration are: (1) Whether petitioner had unreported income for the taxable years 1984 and 1985; (2) whether any understatement of petitioner's income for 1984 and 1985 was attributable to fraud within the meaning of section 6653(b)(1); [1] and (3) whether petitioner is liable for an addition to tax under section 6661 for 1984 and 1985. *50 FINDINGS OF FACT The parties entered into a stipulation of facts and exhibits, all of which are incorporated by this reference. Petitioner's legal residence at the time of the filing of her petition was Minneapolis, Minnesota. Petitioner is a high school graduate who had attended the University of Minnesota, but did not complete a program resulting in a degree. Petitioner was a professional model during the years under consideration. For the years 1984 and 1985, petitioner filed a Federal individual income tax return and reported gross income of $ 11,382 and $ 53,002, respectively. The gross income reported comprised the following items: Item Reported
1984
1985
Wages
$ 9,245
$ 13,104 Interest income
118
490 Business income
2,019
8,683 Taxable refunds
- 424 Rents
- 1,301 Miscellaneous [1]
- 30,000 Capital gains
- (1,000)
Total gross income reported
11,382
53,002 *51 Respondent determined, by means of an analysis of unexplained bank deposits and expenditures, that petitioner failed to report income of $ 27,844 for 1984 and $ 22,560 for 1985 from modeling fees and the sale of controlled substances (drugs or cocaine). On February 1, 1989, petitioner was indicted on the following charge: THE UNITED STATES GRAND JURY CHARGES: That on or about the 20th day of May, 1985, [in] the District of Minnesota, the defendant, Cynthia M. Carlson, a resident of Minnesota, did willfully and knowingly attempt to evade and defeat a large part of the income tax due and owing by her to the United States of America for the calendar year 1984, by preparing and causing to be prepared, by signing and causing to be signed, and by mailing and causing to be mailed, in the District of Minnesota, a false and fraudulent income tax return on behalf of herself which was filed with the Internal Revenue Service, wherein it was stated that her taxable income for calendar year 1984 was the sum of $ 3,547.00 and the amount of tax due and owing thereon was the sum of $ 228.00, whereas, as she then and there well knew, her taxable income for the calendar year was about $ 32,016.90, *52 and that upon such omitted taxable income there was owing to the United States of America a tax of about $ 7,007.15, in violation of Title 26, United States Code, Section 7201.
Petitioner pled guilty to the above count on April 21, 1989, and judgment was entered against her on June 9, 1989. Petitioner entered into consents extending the period for assessment of any deficiency for the 1985 taxable year through December 31, 1991, which date was after the mailing of the notice of deficiency to petitioner for her 1985 taxable year on October 3, 1990. Petitioner maintained a bank account to which deposits of $ 39,524.07 and $ 73,267.87 were made during 1984 and 1985, respectively. During 1984 and 1985, petitioner made cash expenditures of $ 12,829.16 and $ 50,639.36 respectively. In arriving at taxable income, respondent agrees that petitioner is entitled to reductions from the composite of bank deposits and expenditures of $ 20,336.33 for 1984 and $ 63,801.63 for 1985. Petitioner met and began living with Darris Crawford (Mr. Crawford) during 1980. Mr. Crawford continued to live with petitioner through 1984 and 1985, during which time he *53 was a drug dealer. Mr. Crawford earned thousands of dollars from the sale of drugs. Some of the earnings from drug sales were kept in a safe located in petitioner's residence. Petitioner and Mr. Crawford had an arrangement where petitioner was permitted access to Mr. Crawford's drug earnings. The downpayments for the purchase of two houses and two automobiles were, in part, from Mr. Crawford's drug earnings and the balances due were to be paid on credit over a period of years. The assets were purchased and titled in petitioner's name because Mr. Crawford did not have a credit rating or a legal source of income. Petitioner obtained drugs from Mr. Crawford and sold them to people with whom she worked or was associated. Petitioner and Mr. Crawford also personally used cocaine. Acting upon a tip from an informant, during late February 1986, a search warrant was issued for the City of Minneapolis police to search petitioner's residence in order to determine if petitioner was in possession of stolen mink coats. Upon execution of the search warrant, the police discovered and seized cash of almost $ 27,000 in $ 5,000 bundles. They also found three or four mink coats at petitioner's *54 residence. The mink coats were not seized because petitioner presented evidence of ownership. At the time of the seizure, Mr. Crawford resided in California following several disagreements with petitioner. Mr. Crawford was subpoenaed to appear at trial and had not seen petitioner since 1986, when they had parted under acrimonious terms. Petitioner's 1984 and 1985 Federal income tax returns were prepared by Gerald Neil Sadoff (Mr. Sadoff), a certified public accountant. Petitioner, in the preparation of her 1985 return, represented to her accountant that Mr. Crawford was her dependent and that she had provided 99 percent of his support. Subsequent to the execution of the search warrant and after a draft of petitioner's 1985 return had been completed, petitioner requested Mr. Sadoff to include the $ 30,000 miscellaneous income in her 1985 tax return. Similarly, petitioner reported $ 27,000 in unidentified income on her 1986 Federal income tax return. OPINION A taxpayer is required to maintain adequate books and records to enable the taxpayer to accurately reflect income. Sec. 6001; Menequzzo v. Commissioner, 43 T.C. 824, 831-832 (1965). Where *55 a taxpayer fails to keep records, respondent may reconstruct the amount of any unreported income. Holland v. United States, 348 U.S. 121, 130-132 (1954); Nicholas v. Commissioner, 70 T.C. 1057, 1064 (1978). The reconstruction need only be reasonable in light of all surrounding facts and circumstances. Giddio v. Commissioner, 54 T.C. 1530 (1970); Schroeder v. Commissioner, 40 T.C. 30, 33 (1963). Respondent reconstructed petitioner's 1984 and 1985 taxable income by means of an analysis of bank deposits and expenditures. In connection with respondent's reconstruction of income, it is petitioner's burden to show that respondent's determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). Petitioner does not contend that respondent's computations of the net unexplained deposits are incorrect. Instead, petitioner argues that other than $ 3,000 or $ 4,000 of unreported modeling fees in 1984, all of the unexplained deposits are attributable to income earned by Mr. Crawford in selling drugs. Respondent argues *56 that petitioner's and Mr. Crawford's testimony on that point is not credible and should be disregarded. Respondent points to several inconsistencies or contradictions in petitioner's explanation. First, petitioner did not attempt to implicate Mr. Crawford before respondent determined deficiencies against her. Respondent points out that petitioner could have blamed Mr. Crawford instead of pleading guilty with respect to the 1984 criminal charges. Respondent also directs our attention to the fact that petitioner in the preparation of her 1985 return represented to her accountant that Mr. Crawford was her dependent and that she had provided 99 percent of his support. Petitioner counters that Mr. Crawford's admission (as a witness in this case) of drug dealing and earning income from the same was an admission against his interest in that he was subjecting himself to possible prosecution and/or income tax determinations in connection with that activity. Petitioner points out that all assets were put in her name because of the illegal nature of Mr. Crawford's income-producing activities and, in connection with the borrowing of funds, to qualify for credit, because of his lack of a *57 credit rating. Accordingly, both parties agree that there was income from the sale of drugs. Petitioner would have us believe that Mr. Crawford was the sole source and that he permitted her to use his money as she chose. Respondent, on the other hand, would have us believe that petitioner was the drug dealer and that Mr. Crawford lived on her money. Petitioner pled guilty to the indictment charging her with evading 1984 income tax in the amounts approximating those set forth in the notice of deficiency. Further, petitioner, on her 1985 return, filed after the seizure of about $ 27,000 in cash from her residence, admitted to $ 30,000 of income from sources which she refused to disclose on Fifth Amendment grounds of self-incrimination. In this connection, respondent determined that petitioner failed to report income of $ 27,844 for 1984 and $ 22,560 for 1985. The $ 22,560 for 1985 is over and above the $ 30,000 of income reported for 1985 for which no source was identified. We disagree, to some extent, with the positions of both respondent and petitioner. We are prone to give some credibility to Mr. Crawford's corroborating testimony because, to some extent, it is a statement *58 against his interest and because he has been estranged from petitioner since 1986. We also think it most telling that petitioner admits to the omission of at least $ 3,000 to $ 4,000 of modeling fees for 1984 and that she reported $ 30,000 of income for 1985 which was unidentified to protect her right against self incrimination. The facts in this case support a finding that Mr. Crawford was engaged in the activity of selling drugs and that petitioner assisted Mr. Crawford in the same activity. In this connection, we also note that petitioner reported an additional $ 27,000 of unidentified income on her 1986 Federal income tax return. Additionally, Mr. Crawford did not maintain a separate banking account and he and petitioner lived together sharing expenses and the like for over 5 years. In this setting, respondent's determination that petitioner failed to report $ 27,844 for 1984 is sustained and not in error. With respect to respondent's determination for 1985 that petitioner had $ 22,560 of unreported income in addition to the income reported, we find respondent to be in error. Petitioner reported $ 30,000 of unidentified income for 1985, which comports with the amount determined *59 for 1984 and the amount reported for 1986. Based upon the bank deposits, expenditures, and eliminations from same, we find that any additional income earned from the drug activity was attributable to Mr. Crawford and not reportable by petitioner. Concerning the addition to tax under section 6653(b)(1) and (2), petitioner is collaterally estopped from denying that she "willfully and knowingly attempted to evade and defeat a large part of the income tax due and owing by her to the United States of America for the calendar year 1984," due to her plea of guilty and conviction of that offense during 1989. A taxpayer is collaterally estopped from denying civil tax fraud under section 6653(b) when convicted for criminal tax evasion under section 7201 for the same taxable year. Moore v. United States, 360 F.2d 353, 354 (4th Cir. 1966); DiLeo v. Commissioner, 96 T.C. 858, 886 (1991), affd. on other grounds 959 F.2d 16 (2d Cir. 1992). With respect to the taxable year 1985, our finding that petitioner did not fail to report $ 22,560 as originally determined by respondent obviates the need to consider *60 whether the addition to tax is applicable due to the absence of an underpayment as defined in section 6653(c). Finally, we consider whether petitioner is liable for an addition to tax for a substantial understatement under section 6661. Section 6661(a) provides for an addition of 25 percent of an underpayment attributable to a substantial understatement of income tax. Pallottini v. Commissioner, 90 T.C. 498, 500-502 (1988). In the case of an individual, an understatement is substantial if it exceeds the greater of 10 percent of the tax required to be shown on a return or $ 5,000. Sec. 6661(b)(1)(A). The understatement is reduced by that portion of the understatement for which there is substantial authority for the position taken by the taxpayer or for which the relevant facts affecting the disputed items' tax treatment are adequately disclosed on the return or in a statement attached to it. Sec. 6661(b)(2)(B). With respect to the 1985 taxable year, petitioner is not liable for an addition to tax under section 6661 because no understatement of tax exists as defined in section 6661(b)(2). With respect to the 1984 taxable year, petitioner has not *61 shown that the understatement was based on substantial authority, or that the relevant facts were adequately disclosed on statements attached to the returns she filed with respondent. Thus, to the extent that the understatement exceeds the threshold amounts, petitioner is liable for an addition to tax under section 6661(a) for her 1984 taxable year. To reflect the foregoing, Decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on $ 9,016.↩
2. 50 percent of the interest due on $ 10,567.↩
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
1. This item was reported on page one, line 22, designated for "Other income", of petitioner's Federal income tax return for 1985. Beside the numerical entry was the following: "MISC. -- TAXPAYER ASSERTS PRIVILEGE OF SELF INCRIMINATION AS TO SOURCE".↩