ED AND FRANCES REDD, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Redd v. Commissioner
Docket No. 27416-90
United States Tax Court
T.C. Memo 1993-556; 1993 Tax Ct. Memo LEXIS 555; 66 T.C.M. (CCH) 1425; November 23, 1993, Filed *555 An order will be issued granting respondent's motion for partial summary judgment. Ed and Frances Redd, pro sese. For respondent: Gerald L. Brantley. PARR
PARR
MEMORANDUM OPINION PARR, Judge: This cause is before the Court on respondent's motion for partial summary judgment, to which petitioners object. The issue for which summary judgment is sought is whether petitioner Frances Redd (hereinafter petitioner) is liable for the additions to tax for fraud under section 6653(b) [1] for tax years 1979 and 1980. Respondent has not raised the issue of fraud with regard to Ed Redd. Petitioner is the same person who was the defendant in the criminal case of United States v. Redd, C.R. No. A-86-CR-4 (W.D. Tex. June 24, 1986). [2]
*556 On June 24, 1986, petitioner was found guilty on two counts of violating section 7201 as follows: defendant did willfully and knowingly attempt to evade and defeat a large part of the income taxes due and owing by her and her husband to the United States of America for the calendar years 1979 and 1980, by preparing and causing to be prepared, by signing and causing to be signed, and by mailing and causing to be mailed, false and fraudulent income tax returns on behalf of herself and her husband, which were filed with the Internal Revenue Service, in violation of 26 U.S.C. § 7201, as charged in counts 1 and 2 of the indictment.
On May 5, 1987, the Court of Appeals for the Fifth Circuit affirmed the lower court's decision in an unpublished opinion. 818 F.2d 864. On October 5, 1987, the Supreme Court denied certiorari. 484 U.S. 860. Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials of phantom factual issues. Kroh v. Commissioner, 98 T.C. 383, 390 (1992). A decision on the merits of a taxpayer's claim can *557 be made via summary judgment "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with affidavits, if any, show there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). One of the issues in the instant case is whether petitioner is liable for the addition to tax for fraud under section 6653(b) for the taxable years 1979 and 1980. Respondent contends that both the imposition of the civil fraud addition and the judgment of conviction of petitioner for violating section 7201 are dependent upon findings that petitioner did in fact file false and fraudulent tax returns and that by reason of such fraud there are underpayments of income tax for such years. The elements of criminal tax evasion and of civil tax fraud are similar. Gray v. Commissioner, 708 F.2d 243 (6th Cir. 1983), affg. T.C. Memo. 1981-1; Hicks Co. v. Commissioner, 470 F.2d 87, 90 (1st Cir. 1972), affg. 56 T.C. 982 (1971); Moore v. United States, 360 F.2d 353, 356 *558 (4th Cir. 1965, as modified). Numerous Federal courts have held that a conviction for Federal income tax evasion, either upon a plea of guilty, or upon a jury verdict of guilt, conclusively establishes fraud in a subsequent civil tax fraud proceeding through application of the doctrine of collateral estoppel. Gray v. Commissioner, supra at 246; Tomlinson v. Lefkowitz, 334 F.2d 262, 265 (5th Cir. 1964), and cases cited therein. In her objection, petitioner argues that she pled innocent in her previous trial, that she is currently suing the attorney who represented her because of "legal irregularities", that the Government's case was based on perjury and tainted testimony, and that the evidence did not support the conviction. Petitioner raised or could have raised these arguments in the District Court or in her appeal to the Court of Appeals for the Fifth Circuit. The latter court considered and affirmed her conviction. We therefore hold that petitioner is estopped from denying that underpayments of her income taxes for the taxable years 1979 and 1980 are due to fraud for purposes of section 6653(b). An order *559 will be issued granting respondent's motion for partial summary judgment. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.↩
2. Although petitioner's first name is spelled "Francis" in the indictment, and in the style of the case in the U.S. District Court and the Court of Appeals for the Fifth Circuit, petitioner does not dispute that she is the same person.↩