T.C. Memo. 2007-349

UNITED STATES TAX COURT

CARMELO MONTALBANO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13873-05.                    Filed November 26, 2007.

<u>James A. Bruton III</u> and <u>Stephen A. Beck</u>, for petitioner.

<u>Scott A. Hovey</u>, for respondent.


MEMORANDUM OPINION

THORNTON, <u>Judge</u>:  This case is before us on the parties'
cross-motions for summary judgment.  The sole issue for decision
is whether petitioner is liable for the section 6663 fraud

penalty for 1994.[1]  When the petition was filed, petitioner resided in Florida.[2]

### Background

On January 18, 2000, a Federal grand jury in the U.S. District Court for the District of New Jersey returned a two-count indictment against petitioner.  The first count of the indictment charged that petitioner had knowingly and willfully attempted to evade and defeat income tax due and owing by him for 1994 in violation of section 7201.  The second count charged petitioner with filing a false Federal income tax return for 1995 in violation of 18 U.S.C. section 2 (1994).

By plea agreement dated July 13, 2000, petitioner agreed to plead guilty to the count for tax evasion, and the U.S. Attorney agreed to bring no further charges against petitioner for related crimes.  In the plea agreement, the parties stipulated that at the time of the offense petitioner was suffering from "a diminished mental capacity" due to his bipolar disorder and that

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2] Rule 34(b) requires a petition to contain a noncorporate petitioner's legal residence.  The petition in this case does not expressly state petitioner's legal residence but lists a mailing address in Florida "c/o Mary Montalbano".  Pursuant to the convention reflected on Form 1, Petition (Other Than In Small Tax Case), which requires a statement of legal residence "if different from the mailing address", we treat petitioner's legal residence as being the same as this Florida mailing address.

a downward departure from the sentencing guidelines was therefore appropriate.

On July 19, 2000, petitioner appeared before the U.S. District Court for the District of New Jersey and pleaded guilty to violating section 7201 with respect to his 1994 return. In sworn testimony, petitioner gave the following factual basis for his guilty plea. During 1994 and 1995, petitioner was president and owner of an S corporation known as BHN Corp. (BHN), which was engaged in providing computer software-related products to the Dreyfus Corporation. In 1994, petitioner traveled to the Cayman Islands and opened a bank account at the Guardian Bank and Trust (Cayman) in the name of the Cooper Corp. (Cooper). During 1994, he diverted about $651,000 of taxable income from BHN by causing the funds to be deposited into the Cooper account and his personal bank account in New Jersey. Petitioner caused BHN to file a Federal tax return that omitted the $651,000 of income. Petitioner also intentionally failed to include the $651,000 of income on his 1994 personal Federal income tax return, in a knowing and willful attempt to evade and defeat a substantial part of the income tax due and owing to the United States for 1994.

The District Court accepted petitioner's guilty plea and entered judgment finding him guilty of willfully attempting to evade or defeat tax in violation of section 7201 and 18 U.S.C.

section 2 (1994). The District Court fined petitioner $30,000 and sentenced him to 3 years' probation. In its judgment, the District Court imposed the maximum fine indicated under the applicable sentencing guideline range ($3,000 to $30,000) but departed from the guideline imprisonment range (12 to 18 months) "based on diminished capacity due to the defendant's bipolar disorder."

Subsequently, petitioner consented to respondent's assessment of $224,455 underlying tax liability for 1994 but disputed respondent's proposed imposition of a section 6663 civil fraud penalty. By notice of deficiency, respondent determined that pursuant to section 6663, petitioner is liable for a fraud penalty of $167,918 for 1994.

## Discussion

Respondent has moved for summary judgment on the ground that petitioner's criminal conviction under section 7201 collaterally estops him from contesting his liability for the fraud penalty under section 6663(a). Petitioner contends that a finding of fraud under section 6663 is negated because in his criminal proceeding the sentencing court found and the Government stipulated that petitioner committed the offense while suffering from a diminished mental capacity. On this ground, petitioner opposes respondent's motion for summary judgment and has cross moved for summary judgment.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted where there is no genuine issue of any material fact, and a decision may be rendered as a matter of law. Rule 121(a) and (b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). When a motion for summary judgment is made and properly supported, the adverse party may not rest upon mere allegations or denials of the pleadings but must set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).

Collateral estoppel precludes relitigation of any issue of fact or law that was actually litigated and necessarily determined by a valid and final judgment. Montana v. United States, 440 U.S. 147, 153 (1979). It is well established that a final criminal judgment for tax evasion under section 7201 collaterally estops relitigation of the issue of fraudulent intent in a subsequent proceeding over the civil fraud penalty.

See, e.g., <u>Gray v. Commissioner</u>, 708 F.2d 243, 246 (6th Cir. 1983), affg. T.C. Memo. 1981-1; <u>Amos v. Commissioner</u>, 360 F.2d 358 (4th Cir. 1965), affg. 43 T.C. 50 (1964); <u>Tomlinson v. Lefkowitz</u>, 334 F.2d 262 (5th Cir. 1964); <u>DiLeo v. Commissioner</u>, 96 T.C. 858, 885-886 (1991), affd. 959 F.2d 16 (2d Cir. 1992); <u>Arctic Ice Cream Co. v. Commissioner</u>, 43 T.C. 68 (1964); cf. <u>Worcester v. Commissioner</u>, 370 F.2d 713, 718 (1st Cir. 1966) (improper inducement of defendant's waiver of right to appeal criminal judgment tainted the judgment's finality for collateral estoppel purposes), affg. in part and vacating in part T.C. Memo. 1965-199.

Petitioner cites no judicial precedent to the contrary; rather, he acknowledges, in understated fashion, that the judicial precedents are "fairly well settled" in this regard. Furthermore, petitioner acknowledges that "Normally, the sentencing guideline determination of a District Court that accepts a section 7201 plea will have no bearing on the outcome of a civil fraud penalty case under I.R.C. section 6663". Petitioner suggests, however, that the application of collateral estoppel against him is inappropriate in this proceeding because the downward departure from the imprisonment guideline in his criminal proceeding "implies" that the District Court and U.S. attorney found it "appropriate and necessary substantially to mitigate the severity of the criminal penalties that would have

been applicable in the absence of petitioner's 'substantially diminished mental capacity.'"

Assuming, for sake of argument, that petitioner has correctly assessed the implications of his criminal sentence (notwithstanding that the District Court imposed against him the maximum fine for his offense under the sentencing guidelines), this does not alter the fact of his criminal conviction, which conclusively established that he willfully attempted to evade tax.

For purposes of both the section 7201 offense and the civil fraud penalty, the requisite wrongful intent is the intent to evade tax.  Mitchell v. Commissioner, 118 F.2d 308 (5th Cir. 1941), revg. 40 B.T.A. 424 (1939); DiLeo v. Commissioner, 96 T.C at 874; Amos v. Commissioner, 43 T.C. at 55.[3]  The only practical difference between the constituent elements of criminal tax evasion under section 7201 and civil fraud is the "larger quantum of proof required in a criminal evasion case".  Moore v. United

---

[3] The statutory predecessor of sec. 6663, sec. 293(b) of the 1939 Internal Revenue Code, specifically referred to "fraud with intent to evade tax".  Although this language was omitted from subsequent versions of the civil fraud penalty, this change was not intended to alter the coverage of the statute or the burden of proof necessary to establish fraud.  See Goodwin v. Commissioner, 73 T.C. 215, 227 (1979); Bittker & Lokken, Federal Taxation of Income, Estates and Gifts, par. 114.6, at 114-57 n.16 (2d ed. 1992).  This conclusion is buttressed by sec. 7454(a), which continues to provide, as did its predecessor statute in the 1939 Code, that respondent bears the burden to prove that petitioner "has been guilty of fraud with intent to evade tax".

<u>States</u>, 360 F.2d 353, 355 (4th Cir. 1965).  Hence, the criminal conviction necessarily established the requisite wrongful intent for purposes of the civil sanction.  <u>Amos v. Commissioner</u>, <u>supra</u>; see also <u>Tomlinson v. Lefkowitz</u>, <u>supra</u> at 265.

Under well-established judicial precedents, for purposes of applying collateral estoppel, it is immaterial that petitioner's conviction resulted from a plea of guilty to the criminal charges brought against him rather than from a trial on the merits after a plea of not guilty.  "A guilty plea is as much a conviction as a conviction following jury trial."  <u>Gray v. Commissioner</u>, <u>supra</u> at 246.  A guilty plea constitutes an admission of all the elements of the criminal charge.  <u>McCarthy v. United States</u>, 394 U.S. 459, 466 (1969).  "Once accepted by a court, it is the voluntary plea of guilt itself, with its intrinsic admission of each element of the crime, that triggers the collateral consequences attending that plea."  <u>Blohm v. Commissioner</u>, 994 F.2d 1542, 1554 (11th Cir. 1993), affg. T.C. Memo. 1991-636; see <u>Manzoli v. Commissioner</u>, 904 F.2d 101, 105 (1st Cir. 1990), affg. T.C. Memo. 1989-49 and T.C. Memo. 1988-299; <u>Ivers v. United States</u>, 581 F.2d 1362, 1367 (9th Cir. 1978); <u>Brazzell v. Adams</u>, 493 F.2d 489, 490 (5th Cir. 1974); <u>Plunkett v. Commissioner</u>, 465 F.2d 299, 307 (7th Cir. 1972), affg. T.C. Memo. 1970-274; <u>Metros v. U.S. Dist. Ct.</u>, 441 F.2d 313, 317 (10th Cir. 1970); <u>DiLeo v.</u>

Commissioner, supra at 885; Stone v. Commissioner, 56 T.C. 213 (1971).

Petitioner urges us to depart from these well-established judicial precedents because of "practical exigencies" that he contends induced him to enter the plea agreement. Petitioner suggests that he was induced to enter the guilty plea because the Government agreed to stipulate for purposes of sentencing that petitioner suffered from a diminished mental capacity. Moreover, petitioner suggests, in deciding to enter the guilty plea, he was influenced by his assessment of the operation of the Insanity Defense Reform Act, 18 U.S.C. section 17(a) (2000).[4] He asserts that this provision would have precluded him from mounting a "full scale 'diminished capacity' defense" in the criminal proceeding even though he "might have been able to introduce some evidence relating to his mental condition".[5]

---

[4] The Insanity Defense Reform Act, 18 U.S.C. sec. 17(a) (2000), provides:

Affirmative Defense.--It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

[5] Petitioner suggests that the United States agreed to accept the guilty plea because of concerns about petitioner's mental health. Although petitioner does not raise this point, the record also suggests that the United States accepted the
(continued...)

Petitioner does not suggest, however, that the plea agreement was wrongfully induced or that there was otherwise any irregularity or unfairness in the criminal proceeding leading to the guilty plea.  To the contrary, petitioner states that he "has no desire to disavow the guilty plea--it is a fact--in this case."  Moreover, petitioner does not dispute that he in fact committed the offense charged in the criminal proceeding.

Petitioner's explanations as to why he and the Government entered the plea agreement are irrelevant under the doctrine of collateral estoppel.  See Manzoli v. Commissioner, T.C. Memo. 1989-94, affd. 904 F.2d 101 (1st Cir. 1990); see also Blohm v. Commissioner, supra at 1555-1556; Stone v. Commissioner, supra at 221; Boettner v. Commissioner, T.C. Memo. 1998-359; Hull v. Commissioner, T.C. Memo. 1982-577.  Moreover, we reject any suggestion that collateral estoppel is inappropriate because petitioner's purported "diminished capacity" defense was purportedly restricted by the Insanity Defense Reform Act in the criminal proceeding.  For the reasons previously discussed, petitioner's criminal conviction necessarily established that he had the requisite wrongful intent, and hence the requisite mental capacity, for imposition of the civil fraud penalty.  To conclude otherwise would be to assume, contrary to basic principles, that

---

[5](...continued)
guilty plea partly because petitioner agreed to assist the Government in the criminal prosecution of other parties.

a more exacting showing is required to establish the requisite wrongful intent in this civil proceeding than in the criminal proceeding.  See <u>Moore v. United States</u>, 360 F.2d at 356 ("the first proceeding being criminal in nature, it follows that the burden of proof met by the Government there was more exacting than that required of it in this civil case").

In conclusion, the issue of petitioner's fraudulent intent under section 6663(a) is foreclosed by collateral estoppel. Petitioner does not dispute the underlying tax underpayment.  We are satisfied that there is no genuine issue of fact requiring a trial in this case.  Accordingly, we hold that imposition of the section 6663(a) fraud penalty is proper.  We shall grant respondent's motion for summary judgment and deny petitioner's cross-motion for summary judgment.

<u>An appropriate order</u>

<u>and decision will be entered</u>.