[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 12, 2009
THOMAS K. KAHN
CLERK

No. 08-10981
Non-Argument Calendar
_____

Agency No. 13873-05

CARMELO MONTALBANO,

Petitioner-Appellant,

versus

COMMISSIONER OF IRS,

Respondent-Appellee.

_____

Petition for Review of a Decision of the
United States Tax Court

_____

(January 12, 2009)

Before HULL, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Carmelo Montalbano appeals the summary judgment entered against his

petition contesting the notice of deficiency filed by the Commissioner of Internal Revenue. Because Montalbano's conviction for tax evasion collaterally estopped him from denying liability for the penalty for civil fraud, we affirm.

Montalbano pleaded guilty to willfully attempting to evade or defeat his 1994 tax liability. See I.R.C. § 7201. At sentencing, the district court granted a downward departure based on a stipulation in the plea agreement that Montalbano suffered from "a diminished capacity" because of bipolar disorder. Montalbano consented to the assessment of $224,455 against him for his tax deficiency, but protested the imposition of a civil fraud penalty of $167,918. See I.R.C. § 6663(a). After the Commissioner denied his protest, Montalbano petitioned the tax court for a redetermination of the civil fraud penalty based on his diminished capacity. The tax court denied the petition as collaterally estopped by Montalbano's conviction for tax evasion, and the tax court entered summary judgment for the Commissioner.

We review the grant of summary judgment by the tax court de novo, Baptiste v. Comm'r, 29 F.3d 1533, 1537 (11th Cir. 1994), and the application of collateral estoppel de novo. EEOC v. Pemco Aeroplex, Inc., 383 F.3d 1280, 1285 (11th Cir. 2004).

Collateral estoppel bars relitigation of an issue previously decided against a party who had "a 'full and fair opportunity' to litigate that issue in [an] earlier

2

case." Allen v. McCurry, 449 U.S. 90, 94–95, 101 S. Ct. 411, 414–15 (1980). For collateral estoppel to bar relitigation of an issue four criteria must be met: (1) the issue must be identical in the pending case to that decided in the earlier proceeding; (2) the issue must necessarily have been decided in the earlier proceeding; (3) the party to be estopped must have been a party or have been adequately represented by a party in the earlier proceeding; and (4) the issue must actually have been litigated in the first proceeding. In re Raiford, 695 F.2d 521, 523 (11th Cir. 1983). Because the "'elements of criminal tax evasion and of civil tax fraud are identical,'" it is well established in this Circuit that "[a] criminal tax fraud conviction under 26 U.S.C. § 7201 estops a taxpayer from denying liability for civil fraud under 26 U.S.C. § 665[3(a)] for the same year." Blohm v. C.I.R., 994 F.2d 1542, 1554 (11th Cir. 1993) (citations omitted).

Montalbano contends that, because his conviction was the result of a plea of guilty, collateral estoppel should not apply, but this argument has been repeatedly rejected by this Court. See id.; United States v. Killough, 848 F.2d 1523, 1528 (11th Cir. 1988). A guilty plea is an "admission of all the elements of a formal criminal charge." McCarthy v. United States, 394 U.S. 459, 466, 89 S. Ct. 1166, 1170 (1969). "[F]or purposes of applying the doctrine of collateral estoppel, there is no difference between a judgment of conviction based upon a guilty plea and a judgment rendered after a trial on the merits. The conclusive effect is the same."

3

<u>Blohm</u>, 994 F.2d at 1554 (citations omitted).

Montalbano also argues that the circumstances surrounding his plea render application of collateral estoppel unjust. He contends that his guilty plea was the result of an understanding that he suffered a diminished mental capacity when he committed tax evasion and he should now be allowed to litigate whether that diminished capacity prevented him from forming the specific intent to commit fraud. He further argues that the government cannot now deny that his diminished capacity contributed to his commission of the crime.

We disagree. In his plea colloquy, Montalbano admitted to each element of tax evasion; he admitted that he was involved in a scheme to avoid reporting and paying taxes in a "knowing[] and willful[] attempt to evade and defeat a substantial part of the income tax due and owing to the United States for calendar year 1994." Montalbano's conviction established that his diminished mental capacity did not prevent him from forming the specific intent to commit tax evasion. Montalbano pleaded guilty in return for a reduced sentence and is collaterally estopped to deny his liability for civil fraud.

The decision of the tax court is

**AFFIRMED**.