# United States Tax Court

T.C. Memo. 2026-42

FUHAI LI AND HONG HU,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 12133-23.                           Filed May 27, 2026.

————

Fuhai Li and Hong Hu, pro sese.

*Brian R. Cullin* and *Brian S. Jones*, for respondent.

## MEMORANDUM OPINION

MARSHALL, *Judge*: Petitioner Fuhai Li (Mr. Li) was convicted of tax evasion in violation of section 7201[1] for tax years 2011, 2012, and 2013 (years in issue). Respondent subsequently issued Mr. Li and petitioner Hong Hu (Ms. Hu) a Notice of Deficiency in which he determined that petitioners are liable for deficiencies of $78,799, $115,839, and $106,532 for tax years 2011, 2012, and 2013, respectively. Respondent also determined that Mr. Li is liable for section 6663 fraud penalties of $59,099, $86,879, and $79,899 for tax years 2011, 2012, and 2013, respectively. Petitioners timely filed a Petition disputing respondent's determinations.

The case is currently before the Court on respondent's Motion for Partial Summary Judgment (Motion) and petitioners' Cross-Motion for

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] Summary Judgment (Cross-Motion). Respondent contends that he is entitled to judgment as a matter of law that the Internal Revenue Service (IRS) complied with the requirements of section 6751(b)(1) by securing timely supervisory approval of the section 6663 fraud penalties. Respondent also asserts that Mr. Li's criminal conviction for tax evasion collaterally estops Mr. Li from denying that any underpayments for the years in issue are due to fraud. And on this basis, respondent further contends that he is entitled to judgment as a matter of law that Mr. Li is liable for the section 6663 fraud penalties to the extent of any underpayments and that the period of limitations for each of the years in issue remains open for both Mr. Li and Ms. Hu.

Petitioners raise no dispute with respect to the IRS's compliance with section 6751(b)(1). Petitioners contend, however, that both Mr. Li and Ms. Hu are entitled to litigate the issue of fraud in this case. Petitioners further contend that respondent failed to offer clear and convincing evidence of fraud such that the period of limitations has expired for each of the years in issue and petitioners are not liable for any of the determined deficiencies or penalties.

For the reasons set forth below, we will grant respondent's Motion in part and deny it in part, and we will deny petitioners' Cross-Motion.

## *Background*

The following facts are derived from the parties' pleadings and their Motion papers, including the Declarations and Exhibits attached thereto. *See* Rule 121(c). They are also derived from the docket records in Mr. Li's criminal case, which originated in the U.S. District Court for the Middle District of Pennsylvania, and which Mr. Li appealed to the U.S. Court of Appeals for the Third Circuit[2] and the U.S. Supreme Court.[3] These facts are stated solely for purposes of deciding the Motions and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

---

[2] Absent stipulation to the contrary, any appeal in this case would also appear to lie with the Third Circuit. *See* § 7482(b)(1)(A), (2).

[3] We take judicial notice of the docket records in the following cases: *Li v. United States*, No. 24-6228 (S. Ct.); *Li v. United States*, No. 23-6735 (S. Ct.); *Li v. United States*, No. 22-7112 (S. Ct.); *United States v. Li*, No. 22-2086 (3d Cir.); *United States v. Li*, No. 19-1875 (3d Cir.); *United States v. Li*, No. 16-cr-00194 (M.D. Pa.).

**[\*3]** I.　　*Mr. Li and Ms. Hu*

Petitioners are husband and wife. During the years in issue Mr. Li was a physician and operated a medical practice, Neurology and Pain Management Center. Petitioners resided in Pennsylvania when they filed their Petition.

II.　　*Mr. Li's Criminal Proceedings*

In January 2015, the U.S. Drug Enforcement Administration (DEA) conducted searches of Mr. Li's medical office and residences and seized financial records and cash stored there. On July 20, 2016, a criminal indictment was filed against Mr. Li in the district court, and on October 17, 2017, a superseding indictment was filed. In the superseding indictment, a federal grand jury alleged, inter alia, that

> [i]n order to earn profits from his medical practice, LI wrote and issued unlawful prescriptions to certain of his patients for drugs containing controlled substances without a legitimate medical purpose and outside the usual course of professional practice in exchange for a fee.
>
> LI required an immediate payment of $250 to $350 as a clinic visit fee for new patients. Follow-up patient visits occurred monthly. Follow-up patient visits were mostly cursory in nature with little to no medical examination, and almost always resulted in a prescription for a Schedule II controlled substance. LI charged follow-up patients a visitation fee of $150 to $200. LI preferred cash payments.
>
> 　　. . . .
>
> Despite some aspects of a legitimate medical practice, LI ran what was, in essence, a pill mill. . . .
>
> LI obtained substantial income from the illegal distribution of controlled substances as described above.

The grand jury ultimately brought 32 criminal counts against Mr. Li with respect to his medical practice. Included in these were three counts of tax evasion in violation of section 7201, with one count for each year in issue.

**[\*4]**    In support of the counts of tax evasion generally, the superseding indictment further alleged, in pertinent part, that

> LI routinely accepted cash payments from his patients and did not deposit the cash into his bank accounts. Rather, LI stored the cash in his residences.
>
> In January 2015, agents from the Drug Enforcement Administration (DEA) executed search warrants at LI's residences and seized in excess of $1,000,000 in cash.
>
> In order to conceal the cash from the Internal Revenue Service (IRS) and evade income taxes that were due and owing the United States, LI kept two sets of books and records recording the receipts from his medical practice. One included the cash payments, the other did not. Prior to filing his federal income tax returns, LI failed to tell the accountant who prepared those returns that he accepted substantial amounts of cash from his patients and only gave him the set of books and records that did not include the cash payments. This resulted in false income tax returns being filed in 2011, 2012, and 2013, which substantially underreported Li's income and the tax due and owing for each year.

And as to the specific counts of tax evasion, for the first of the years in issue, tax year 2011, the count was as follows:

> FUHAI LI,
>
> did willfully attempt to evade and defeat a large part of the tax due and owing by him to the United States of America for the calendar year 2011, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Form 1040, Federal Income Tax Return for the calendar year 2011 which was filed with the Internal Revenue Service. In that return, the defendant substantially and materially understated his taxable income for 2011. The defendant's actions resulted in the underpayment of his individual income tax liability totaling approximately $79,326 for the calendar year 2011.
>
> In violation of Title 26, United States Code, Section 7201.

[*5] The only differences with respect to specific counts for the following years were the year and the liability amount identified, with the approximate liability totals for tax years 2012 and 2013 being $114,079 and $107,273, respectively.

On June 4, 2018, a jury verdict of guilty was entered in Mr. Li's criminal case. On June 18, 2018, Mr. Li filed a motion for judgment of acquittal. Mr. Li's motion and brief in support thereof provided no argument for judgment of acquittal with respect to his conviction on the counts of tax evasion. *See United States v. Li*, No. 16-cr-00194, 2019 WL 1126093, at *4 n.1 (M.D. Pa. Mar. 12, 2019). On March 12, 2019, the district court denied Mr. Li's motion. *Id.* On April 3, 2019, judgment was entered in the criminal case, and on April 4, 2019, an amended judgment was entered. Under the amended judgment, Mr. Li was found guilty of 30 of the 32 counts brought against him, including the three counts of tax evasion under section 7201.

On April 16, 2019, Mr. Li appealed the judgment to the Third Circuit. Mr. Li's claims in his appeal included insufficiency of evidence, improperly admitted evidence and expert testimony, and errors in the jury instructions. *See United States v. Li*, 819 F. App'x 111 (3d Cir. 2020). On July 9, 2020, the Third Circuit held that all of Mr. Li's claims failed and affirmed the judgment. *Id.*

On February 10, 2021, Mr. Li filed a motion with the district court to vacate his sentence under 28 U.S.C. § 2255. Mr. Li challenged his conviction primarily on the basis of ineffective assistance of counsel. *See United States v. Li*, No. 16-cr-00194, 2022 WL 1445222 (M.D. Pa. May 6, 2022). On May 6, 2022, the district court denied Mr. Li's motion, concluding he did not receive ineffective assistance, and declined to issue a certificate of appealability. *Id.*

On June 8, 2022, Mr. Li filed an appeal with the Third Circuit regarding the motion to vacate and certificate of appealability. On November 30, 2022, in an order, the Third Circuit also denied Mr. Li's request for a certificate of appealability and agreed with the district court that Mr. Li did not have ineffective assistance of counsel. *United States v. Li*, No. 22-2086, 2022 WL 17424393 (3d Cir. Nov. 30, 2022). In lieu of a formal mandate, the Third Circuit issued a certified copy of the order (which is hereinafter referred to as the mandate).

On March 21, 2023, Mr. Li filed a petition for writ of certiorari with the Supreme Court regarding the motion to vacate. On April 24,

[*6] 2023, the Supreme Court denied the petition. *See Li v. United States*, 143 S. Ct. 1792 (2023). On May 15, 2023, Mr. Li filed a petition for rehearing with the Supreme Court, which it denied on June 20, 2023. *See Li v. United States*, 143 S. Ct. 2652 (2023).

On October 6, 2023, Mr. Li filed a motion with the Third Circuit to recall the mandate. On October 24, 2023, the Third Circuit denied the motion. *See United States v. Li*, No. 22-2086, 2023 WL 9645237 (3d Cir. Oct. 24, 2023). On January 16, 2024, Mr. Li filed a petition for writ of certiorari with the Supreme Court with respect to the mandate. On March 18, 2024, the Supreme Court denied the petition. *See Li v. United States*, 144 S. Ct. 1077 (2024).

On August 9, 2024, Mr. Li filed a second motion with the Third Circuit to recall the mandate. On August 23, 2024, the Third Circuit denied this motion as well. *See United States v. Li*, No. 22-2086, 2024 WL 5274547 (3d Cir. Aug. 23, 2024). On November 12, 2024, Mr. Li filed a petition for writ of certiorari with the Supreme Court with respect to the denial. And on February 24, 2025, the Supreme Court denied the petition. *See Li v. United States*, 145 S. Ct. 1205 (2025).

Ms. Hu was not a party to Mr. Li's criminal proceedings.

III. *Petitioners' Federal Income Tax Returns*

Petitioners filed joint federal income tax returns for tax years 2011, 2012, and 2013. After the DEA's search and seizure and approximately six months before the criminal indictment was issued, petitioners submitted Forms 1040X, Amended U.S. Individual Income Tax Return, for the years in issue. On each Form 1040X, petitioners reported increases to their income and amount due, stating "ADJUSTING K-1 INCOME FROM NEUROLOGY AND PAIN MANAGEMENT CENTER" as the explanation of changes.

IV. *The Notice of Deficiency*

On May 24, 2023, respondent issued the Notice of Deficiency to petitioners. Respondent determined petitioners had unreported income and were liable for corresponding deficiencies for all of the years in issue. Respondent also determined that Mr. Li was liable for the section 6663

**[\*7]** fraud penalties for the years in issue but that Ms. Hu was not so liable in accordance with section 6663(c).[4]

## V.    *Penalty Approval*

Revenue Agent Sidney Burnside was the IRS employee who made the initial determination that the section 6663 fraud penalties applied to Mr. Li. Supervisory Internal Revenue Agent Sandra DeFebo was Mr. Burnside's immediate supervisor from July 2021 through January 2022. On December 3, 2021, Ms. DeFebo digitally signed a Civil Penalty Approval Form approving Mr. Burnside's determination of the penalties. On January 11, 2022, respondent issued to petitioners Form 4549, Report of Income Tax Examination Changes, for the years in issue which communicated the determination to assert the penalties against Mr. Li. The Form 4549 was the first formal communication to petitioners of that determination.

## *Discussion*

## I.    *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid costly and unnecessary trials. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We shall grant a motion for summary judgment if the movant shows there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Rule 121(a)(2); *Elec. Arts, Inc. v. Commissioner*, 118 T.C. 226, 238 (2002); *see also Take v. Commissioner*, 82 T.C. 630, 633 (1984) (explaining that this Rule applies to each motion where both parties move for summary judgment), *aff'd*, 804 F.2d 553 (9th Cir. 1986). If the conditions of summary judgment are otherwise satisfied with respect to a single issue or fewer than all the issues in a case, a partial summary adjudication may be made which does not dispose of all the issues in the case. *See* Rule 121(a)(1); *Turner Broad. Sys., Inc. & Subs. v. Commissioner*, 111 T.C. 315, 323–24 (1998).

The burden is on the moving party to demonstrate that no genuine dispute as to any material fact remains and that it is entitled to judgment as a matter of law. *FPL Grp.*, 116 T.C. at 74–75. The nonmoving party, however, may not rest upon the mere allegations or

---

[4] Section 6663(c) provides that, in the case of a joint return, a section 6663 fraud penalty "shall not apply with respect to a spouse unless some part of the underpayment is due to the fraud of such spouse."

**[\*8]** denials in its pleadings but must instead set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); *Sundstrand Corp.*, 98 T.C. at 520. In deciding whether to grant summary judgment, we view the factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520.

II.    *Section 6663 Fraud Penalties*

    A.    *Section 6751(b)(1) Supervisory Approval*

As a threshold matter with respect to the section 6663 fraud penalties determined against Mr. Li, respondent's burden of production under section 7491(c) includes introducing sufficient evidence to establish compliance with the supervisory approval requirements of section 6751(b)(1). *See Graev v. Commissioner*, 149 T.C. 485, 493 (2017), *supplementing and overruling in part* 147 T.C. 460 (2016). Section 6751(b)(1) requires respondent to show the penalties were "personally approved (in writing) by the immediate supervisor of the individual" making the initial penalty determination. The record contains sufficient evidence to demonstrate, and petitioners do not dispute, that the requisite supervisory approval was obtained.

    B.    *Collateral Estoppel*

Section 6663(a) provides: "If any part of any underpayment of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment which is attributable to fraud." The Commissioner bears the burden of proving fraud by clear and convincing evidence. § 7454(a); Rule 142(b). To satisfy this burden, the Commissioner must establish that (1) an underpayment exists and (2) the taxpayer intended to evade tax known to be owed by conduct intended to conceal, mislead, or otherwise prevent the collection of tax. *See Sadler v. Commissioner*, 113 T.C. 99, 102 (1999); *Parks v. Commissioner*, 94 T.C. 654, 660–61 (1990).

Respondent contends that Mr. Li's previous conviction for tax evasion under section 7201 collaterally estops him from denying in the present civil tax proceeding that any underpayments of federal income tax for tax years 2011, 2012, and 2013 are due to fraud by him.[5]

---

[5] Respondent also argues that both petitioners should be collaterally estopped from denying the existence of underpayments for the years in issue. As petitioners concede the existence of such underpayments, we address this argument no further.

**[\*9]** Petitioners argue that collateral estoppel should not apply here because the "controlling facts in the current action were not presented and determined in the first action" and that, as a result, the "controlling facts . . . were vitally changed." We are unpersuaded by petitioners' argument and agree with respondent.

Under the doctrine of collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). Collateral estoppel applies, however, only if certain requirements are met. As the Third Circuit has explained, it applies when (1) the issue sought to be precluded is the same as that involved in the prior action, (2) that issue was actually litigated, (3) it was determined by a final and valid judgment, and (4) the determination was essential to the prior judgment. *See Anderson v. Commissioner*, 698 F.3d 160, 164 (3d Cir. 2012), *aff'g* T.C. Memo. 2009-44, 2009 WL 454182.

In light of these principles, it has been well settled that, under the doctrine of collateral estoppel, a taxpayer's section 7201 tax evasion conviction conclusively establishes his civil liability for tax fraud for the same year. *See Anderson v. Commissioner*, 698 F.3d at 164 (first citing *Blohm v. Commissioner*, 994 F.2d 1542, 1554 (11th Cir. 1993), *aff'g* T.C. Memo. 1991-636; then citing *Klein v. Commissioner*, 880 F.2d 260, 262 (10th Cir. 1989), *aff'g* T.C. Memo. 1984-392; then citing *Gray v. Commissioner*, 708 F.2d 243, 246 (6th Cir. 1983), *aff'g* T.C. Memo. 1981-1; and then citing *Moore v. United States*, 360 F.2d 353, 356 (4th Cir. 1965)); *see also, e.g., DiLeo v. Commissioner*, 96 T.C. 858, 885 (1991) ("A taxpayer is collaterally estopped from denying civil tax fraud . . . when convicted for criminal tax evasion under section 7201 for the same taxable year."), *aff'd*, 959 F.2d 16 (2d Cir. 1992). This is so because the elements of evasion under section 7201 and fraud under section 6663(a) are virtually identical. *See Anderson v. Commissioner*, 698 F.3d at 164; *Durland v. Commissioner*, T.C. Memo. 2016-133, at *74–75. "The only practical difference between the constituent elements of criminal tax evasion under section 7201 and civil fraud is the 'larger quantum of proof required in a criminal evasion case.'" *Montalbano v. Commissioner*, T.C. Memo. 2007-349, 2007 WL 4165258, at *3 (quoting

Respondent concedes that petitioners are entitled to contest the precise amounts of their underlying deficiencies as those amounts were not necessary elements to Mr. Li's conviction.

[*10] *Moore*, 360 F.2d at 355), *aff'd*, 307 F. App'x 322 (11th Cir. 2009). A taxpayer's conviction under section 7201 thus "necessarily involves the ultimate factual determinations necessary for a finding of [civil] fraud." *Wapnick v. Commissioner*, T.C. Memo. 1997-133, 1997 WL 110024, at *2.

Petitioners contend that, nevertheless, collateral estoppel also should not apply because the criminal judgment entered against Mr. Li is neither valid nor final.[6] Petitioners assert that the judgment is invalid because respondent has failed to present this Court with sufficient evidence to support Mr. Li's criminal charges under section 7201 and also because Mr. Li did not have a full and fair opportunity to litigate the issues in his criminal proceeding because of the ineffective assistance of counsel. Petitioners assert that the judgment is not final because it is currently pending before the Supreme Court. We are unpersuaded by these arguments as well.

Whatever evidence respondent does or does not offer to this Court in this case has no bearing on the validity of the judgment entered by the district court in Mr. Li's criminal case. And whether Mr. Li received ineffective assistance of counsel is an issue that Mr. Li could have raised, and did raise, on appeal in his criminal case; it cannot be the basis for disputing the application of collateral estoppel here. *See Toney v. Commissioner*, T.C. Memo. 2003-333, 2003 WL 22863038, at *4–5, *aff'd*, 176 F. App'x 851 (9th Cir. 2006); *Wapnick v. Commissioner*, 1997 WL 110024, at *3; *Lilley v. Commissioner*, T.C. Memo. 1989-602, 58 T.C.M. (CCH) 623, 626–27, *aff'd*, 925 F.2d 417 (3d Cir. 1991). Furthermore, Mr. Li's criminal judgment is no longer pending before the Supreme Court and is clearly final. *See Li*, 145 S. Ct. 1205; *Li*, 144 S. Ct. 1077. We hold that he is estopped from denying that any underpayments of federal income tax for the years in issue are due to fraud by him.

III.   *Period of Limitations*

Pursuant to section 6501(a), as a general rule the amount of any tax must be assessed within three years of the filing of a return. But

---

[6] We note petitioners' additional contention that Ms. Hu should not be collaterally estopped from disputing fraud in this case because she was not a party to Mr. Li's criminal proceedings. It is unclear to us whether petitioners intended to raise this argument in the context of both the section 6663 fraud penalty issue and the period of limitations issue or only with respect to the latter. Because respondent has not asserted a section 6663 fraud penalty against Ms. Hu, however, we limit our analysis of this contention to our discussion of the period of limitations. *See infra* Part III.

**[\*11]** there are exceptions to this rule. As relevant here, section 6501(c)(1) provides that "[i]n the case of a false or fraudulent return with the intent to evade tax," the tax may instead be assessed at any time.

The period of limitations is an affirmative defense, and the party asserting it must specifically plead it and carry the burden of showing its applicability. *See* Rules 39, 142(a); *Robinson v. Commissioner*, 117 T.C. 308, 312 (2001). Petitioners properly plead the period of limitations as a defense in their Petition, and the burden of proof for this issue is on them. Respondent, however, bears the burden of proving that an exception to the general three-year period of limitations applies, *see Harlan v. Commissioner*, 116 T.C. 31, 39 (2001), and his burden under section 6501(c)(1) is the same as his burden to prove the applicability of section 6663 fraud penalties, *see* § 7454(a); *Gould v. Commissioner*, 139 T.C. 418, 431 (2012), *aff'd*, 552 F. App'x 250 (4th Cir. 2014).

Respondent contends that the period of limitations for each of the years in issue remains open because of fraud by Mr. Li and that, as with the section 6663 penalties, Mr. Li is collaterally estopped from challenging such fraud in this context. Petitioners contend that both Mr. Li and Ms. Hu may challenge the existence of fraud by Mr. Li. They further contend that respondent failed to provide sufficient evidence of intent to evade tax by Mr. Li such that the period of limitations for each of the years in issue has run and petitioners may not be held liable for any of the deficiencies or penalties determined in the Notice of Deficiency.

The determination of fraud for purposes of section 6501(c)(1) is the same as the determination of fraud for purposes of the penalty under section 6663. *Neely v. Commissioner*, 116 T.C. 79, 85 (2001). And, just as Mr. Li is precluded by the doctrine of collateral estoppel from disputing the existence of fraud by him for purposes of the section 6663 fraud penalties, we agree with respondent that he is so precluded here and that the period of limitations therefore remains open with respect to him as to each of the years in issue. *See DiLeo*, 96 T.C. at 885–86, 890–91.

As another general rule, in the case of joint returns, proof of fraud against either spouse prevents the running of the period of limitations as to both spouses. *See Vannaman v. Commissioner*, 54 T.C. 1011, 1018 (1970). And on the basis of this rule, respondent contends that because Mr. Li is collaterally estopped from challenging the existence of fraud by him for the years in issue, the periods of limitations for those years

**[\*12]** remain open not only as to him but also as to Ms. Hu. But there exists a "refinement" to this rule as well when the fraud of one spouse is established via collateral estoppel from a section 7201 conviction. *See Norris v. Commissioner*, T.C. Memo. 2011-161, 2011 WL 2670580, at \*9.

The unconvicted spouse is not estopped from denying the existence of fraud. *See Stone v. Commissioner*, 56 T.C. 213, 223, 226–28 (1971); *Vannaman*, 54 T.C. at 1017–18; *C.B.C. Super Markets, Inc. v. Commissioner*, 54 T.C. 882, 893–94 (1970); *Rodney v. Commissioner*, 53 T.C. 287, 307–11 (1969). If such a challenge is raised, the Commissioner must affirmatively prove by clear and convincing evidence that at least one of the spouses filed the joint return with the requisite fraudulent intent. *See Stone*, 56 T.C. at 223, 226–28; *Vannaman*, 54 T.C. at 1017–18; *C.B.C. Super Markets*, 54 T.C. at 893–94; *Rodney*, 53 T.C. at 307–11. Only with such a showing will the bar of limitations be lifted as to the unconvicted spouse and the unconvicted spouse be rendered liable for the subject deficiency. *See Stone*, 56 T.C. at 223, 226–28; *Vannaman*, 54 T.C. at 1017–18; *C.B.C. Super Markets*, 54 T.C. at 893–94; *Rodney*, 53 T.C. at 307–11.[7]

Arguing that this refinement applies to Ms. Hu, petitioners place particular emphasis on the analysis of the U.S. Court of Appeals for the Fourth Circuit in its 1965 opinion *Moore v. Commissioner*, 360 F.2d 353. In that case, husband and wife Jerome and Mildred Moore filed joint income tax returns for 1955 through 1958. *Id.* at 357. Subsequently, Mr. Moore was convicted of tax evasion under section 7201 for those years, and a fraud assessment was made against both Mr. and Mrs. Moore pursuant to section 6653—the precursor to section 6663.[8] *Moore v.*

---

[7] See *infra* for a more detailed discussion of these cases. *See also, e.g.*, Boris I. Bittker & Lawrence Lokken, *Federal Taxation of Income, Estates, & Gifts* ¶ 115.3 (Mar. 2026), Westlaw FTXIEG (noting *Vannaman* and *Rodney*); Ellen S. Brody, *Limitations Periods, Interest on Underpayments and Overpayments, and Mitigation*, 627-5th Tax Mgmt. (BNA), at A-16 (noting *C.B.C. Super Markets* and *Rodney*); 2 Laurence F. Casey, *Casey Federal Tax Practice* § 5:08 (updated Nov. 2025), Westlaw CASEY (noting *Vannaman* and *Rodney*); Michael I. Saltzman & Leslie Book, *IRS Practice & Procedure* ¶ 7B.02[2][a] (2025), Westlaw IRSPRAC (noting *Vannaman*, *C.B.C. Super Markets*, and *Rodney*).

[8] Before 1971, a spouse who signed a fraudulent joint return could be held jointly and severally liable for a section 6653 fraud penalty regardless of lack of fraudulent intent on that spouse's part. *See Moore v. Commissioner,* 360 F.2d at 357; *Stone*, 56 T.C. at 226–27. Section 6653 was subsequently amended to provide that, in the case of a joint return, the fraud penalty would not apply with respect to the tax of a spouse unless some part of the underpayment was due to the fraud of such spouse.

**[\*13]** *Commissioner*, 360 F.2d at 357. Mr. and Mrs. Moore sued for a refund of certain taxes paid, and the Commissioner counterclaimed for the fraud penalties. *Id.* In its original opinion, the Fourth Circuit held that the existence of fraud on Mr. Moore's part was necessarily determined in his prior criminal trial and that, as to him, the issue of fraud was therefore foreclosed in the civil proceeding. *Id.* As to Mrs. Moore, it held that collateral estoppel applied to her as well, even though she was not a party to Mr. Moore's criminal proceeding, because she signed the joint returns involved in the fraud. *Id.*

In the briefs and oral arguments, however, it seems the Moores failed to raise any contention that Mrs. Moore should be accorded treatment different from Mr. Moore's and that "[t]hey, and the Government too, apparently assumed that if the conviction worked an estoppel against the husband on the fraud issue, the wife was equally estopped because of her signature on the joint returns, despite the fact that she was not a defendant in the criminal case." *Id.* And upon further consideration, the Fourth Circuit recalled its mandate as it related to Mrs. Moore, ultimately revising its opinion to conclude that she was in fact permitted to litigate the question of her husband's fraud in the preparation of their joint returns and that, as to her, the Commissioner bore the burden of establishing Mr. Moore's fraud without reliance on his criminal conviction. *Id.* at 357–58. In so doing, the Fourth Circuit reasoned that for a finding of fraud on Mr. Moore's part to bind Mrs. Moore, it must have been made in a proceeding to which she was a party, and that "[t]his requirement cannot be satisfied by invoking the estoppel which Mr. Moore's prior criminal conviction works against him, for Mrs. Moore was not a party to the criminal proceeding. Due process requires that she be accorded her day in court on the issue of her husband's fraud." *Id.* at 358.

Respondent tells us that *Moore* is distinguishable because the civil fraud penalties in *Moore* were asserted against an unconvicted spouse on the basis of the other spouse's tax evasion conviction, whereas, in the instant case, the fraud penalties are asserted against only Mr. Li and not Ms. Hu. As a factual matter, that is true. Nevertheless, we are unpersuaded that Ms. Hu is therefore precluded from litigating the existence of Mr. Li's fraud in this case for purposes of determining the relevant periods of limitations as to her.

---

*See* Act of Jan. 12, 1971, Pub. L. No. 91-679, § 2, 84 Stat. 2063, 2063. This provision was carried over to section 6663(c). *See supra* note 4.

**[\*14]** In this Court, the genesis of the refinement at issue came shortly after *Moore* in *Rodney*, *C.B.C. Super Markets*, *Vannaman*, and *Stone*. We recognize that, in these early cases, section 6653 penalties were also asserted against both a spouse convicted of section 7201 tax evasion and an unconvicted spouse. But we find them equally compelling here.

In 1969, the Court issued its opinion in *Rodney*, 53 T.C. 287. In that case, husband and wife, Henry and Lucille Rodney, filed joint returns for 1957 through 1963. *Id.* at 288. Mr. Rodney was later convicted of section 7201 tax evasion for the years 1959 through 1962 in criminal proceedings to which Mrs. Rodney was not a party. *Rodney*, 53 T.C. at 303. The Commissioner subsequently determined that Mr. and Mrs. Rodney were liable for deficiencies and section 6653 fraud penalties for 1957 through 1963. *Rodney*, 53 T.C. at 303.

In considering collateral estoppel with respect to the Rodneys, the Court first concluded that Mr. Rodney was estopped by his criminal conviction from denying fraud for his conviction years. *Id.* at 305. But, it was careful to explain that this "[did] not mean that [the Commissioner had] proved that the returns filed by [Mr.] Rodney were false and fraudulent or that any underpayment in tax was due to fraud" but instead meant only that the Commissioner "[did] not have to establish fraud insofar as [Mr.] Rodney [was] concerned." *Id.* at 309. And as to Mrs. Rodney, the Court concluded that because she was not a party to the prior action against her husband, she was "not collaterally estopped to deny either that the returns filed by her and her husband were false and fraudulent with intent to evade tax so as to lift the bar of the statute of limitations or that a part of the underpayment for each of the years here in issue was due to fraud with intent to evade tax." *Id.* at 308.

In reaching its conclusion as to Mrs. Rodney, the Court acknowledged the numerous cases in which it had held that, where the Commissioner proved in a civil proceeding that the joint return filed by a husband and wife was false and fraudulent because of the husband's fraud, the bar of the period of limitations was inapplicable to both the husband and the wife and the pre-1971 fraud penalty was collectible from both spouses. *Id.* at 308–09 (citing *Pendola v. Commissioner*, 50 T.C. 509, 521 (1968) (and the case cited therein)). But, it also recognized the longstanding principle that a husband and wife who file a joint return and joint petition to this Court are separate taxpayers and that the record must form a basis for entry of decision as to each. *Id.* at 307. And considering this principle in light of *Moore* and other similar cases,

**[\*15]** the Court reasoned that although "[b]ecause of the doctrine of collateral estoppel [the Commissioner] is relieved of the duty to establish fraud as to the person who is collaterally estopped to deny such fraud" he is "not relieved of the duty to prove the fraud by clear and convincing evidence as to any other person." *Id.* at 309–11.

On the basis of this analysis, the Court ultimately held as to Mr. Rodney that, because he was collaterally estopped to deny fraud by him for his conviction years, the returns for those years were deemed to be false and fraudulent so that the determination of deficiencies for those years was not time barred and he was liable for the determined fraud penalties to the extent of any underpayment in tax. *Id.* at 311. As to Mrs. Rodney, however, the Court held that the Commissioner had failed to prove by clear and convincing evidence that the joint returns filed for those years were in fact false and fraudulent and that the determination of any tax against Mrs. Rodney for each of those years (except, for reasons not relevant here, 1960) was barred by the period of limitations. *Id.*

A few months after *Rodney*, in 1970, came the Court's opinion in *C.B.C. Super Markets*, 54 T.C. 882. In that case, husband and wife Frank and Ann Cicio filed joint returns for 1957, 1958, 1959, and 1960. *Id.* at 884. Mr. Cicio was later found guilty of section 7201 tax evasion with respect to 1958, 1959, and 1960, and the Commissioner determined deficiencies and section 6653 fraud penalties with respect to Mr. and Mrs. Cicio for 1957 through 1960. *C.B.C. Super Markets*, 54 T.C. at 883, 889–90. In considering collateral estoppel here, the Court held that Mr. Cicio was estopped by his conviction from denying that at least some portions of any underpayments for the conviction years were due to fraud by him. *Id.* at 893. But relying on *Moore* and *Rodney*, it held that "[e]ven though [Mr.] Cicio, who compiled the data used in preparing the joint returns, was convicted on a finding that they were fraudulent," Mrs. Cicio, who also was not a party to her husband's criminal proceeding, was entitled to her "day in court." *Id.* at 894. The Court then went on to consider whether, aside from collateral estoppel, the Commissioner had shown by clear and convincing evidence that at least part of the determined deficiencies was due to fraud and concluded he had not. *Id.* at 897. The Court did not, however, reach any corresponding conclusions as to the impact on the running of the period of limitations because the Cicios, who had filed their petitions pro se, had failed to plead the period of limitations as a defense. *Id.* at 884 n.4.

[*16] Shortly after *C.B.C. Super Markets*, also in 1970, the Court issued its opinion in *Vannaman*, 54 T.C. 1011. In that case, husband and wife Robert and Kathleen Vannaman filed joint returns for 1955 through 1960. *Id.* at 1011–12. After being indicted on charges of section 7201 tax evasion with respect to 1956 through 1960, Mr. Vannaman pleaded guilty as to 1960. *Vannaman*, 54 T.C. at 1015. The Commissioner subsequently determined that Mr. and Mrs. Vannaman were liable for deficiencies and section 6653 fraud penalties for 1955 through 1960. *Vannaman*, 54 T.C. at 1016. Mr. Vannaman, recognizing he was estopped from denying fraud with respect to 1960, conceded both for that year. *Id.* at 1018. Mrs. Vannaman, however, relied on *Rodney* to argue that Mr. Vannaman's conviction did not estop her from denying fraud for 1960 and also that, even if Mr. Vannaman's fraud was established, the period of limitations barred assessment against her and she was not liable for the penalties for any of the years in issue in the absence of proof of fraud on her own part. *Id.* at 1017.

The Court agreed that Mrs. Vannaman was permitted to deny that Mr. Vannaman committed fraud as to 1960. *Id.* at 1017–18. But it rejected her argument that the Commissioner was required to prove fraud on her part. *Id.* at 1017–18. In this regard, the Court clarified that nothing in *Rodney*, or *C.B.C. Super Markets*, required that fraud on the part of the unconvicted spouse herself must be proven for either the fraud exception to the general three-year period of limitations or the pre-1971 fraud penalty to apply to her and that proof of fraud on the part of the convicted spouse was sufficient. *Id.* at 1018. The Court then went on to consider whether the Commissioner had affirmatively established fraud on Mr. Vannaman's part for each of the years in issue and concluded that he had done so, thus causing the period of limitations to remain open and the penalties to apply with respect to Mrs. Vannaman, as well as Mr. Vannaman, for each of those years. *Id.* at 1018–20.

Almost a year to the date after *Vannaman*, in 1971, came the Court's opinion in *Stone*, 56 T.C. 213. In that case, husband and wife Nathaniel and Eva Stone filed joint returns for 1959, 1960, and 1961. *Id.* at 214. Mr. Stone was indicted on charges of section 7201 tax evasion with respect to each of those years and pleaded guilty to all charges. *Stone*, 56 T.C. at 219–20. Respondent determined that both Mr. and Mrs. Stone were liable for deficiencies and section 6653 fraud penalties for each of those years. *Stone*, 56 T.C. at 214.

As to Mr. Stone, the Court held that he was collaterally estopped from denying that at least a part of the underpayment for each of the

**[*17]** years in issue was due to fraud by him, such that he was liable for the fraud penalties on the underpayments for each of those years and the period of limitations imposed no bar against assessment with respect to him. *Id.* at 223. And as to Mrs. Stone, again looking to *Rodney* and to *C.B.C. Super Markets*, the Court held that Mr. Stone's conviction did not work a collateral estoppel with respect to her because she had not been a party to the criminal proceeding. *Id.* In so holding, the Court declined the Commissioner's invitation to reconsider *Rodney*, noting that *Rodney* had been subject to exhaustive review by the Court and that nothing had occurred since it, or *C.B.C. Super Markets*, which had followed *Rodney*, was issued to warrant reconsideration of the opinion. *Id.* The Court then went on to conclude that it had sufficient evidence before it to determine, as a matter of fact, that at least some part of the underpayment in the Stones' income tax for each of the years in issue was due to fraud by Mr. Stone. *Id.* at 223–26.

The Court's analysis did not stop there, however. The Court also considered the question of Mrs. Stone's liability in light of the Act of Jan. 12, 1971, 84 Stat. 2063, which, in addition to amending section 6653 to provide that the fraud penalty would not apply with respect to the tax of a joint-filing spouse unless some part of the underpayment was due to the fraud of such spouse, *see supra* note 8, amended section 6013 to provide for "innocent spouse" relief from joint and several liability more generally,[9] *see Stone*, 56 T.C. at 227. The Court here concluded that Mrs. Vannaman had the burden of showing that she was entitled to relief under the new section 6013 provision and that she had failed to meet that burden. *Stone*, 56 T.C. at 227. But as to the amended section 6653, it concluded that the Commissioner had the burden of proving that Mrs. Stone was guilty of fraud and that he had failed to do so, so that she was not liable for the penalties. *Stone*, 56 T.C. at 227–28. As the Commissioner had provided proof of fraud by Mr. Stone, however, the Court concluded that the period of limitations nevertheless remained open as to both him and Mrs. Stone so that they might both be held liable for the deficiencies. *Id.* at 228.

Since *Stone*, in joint-filer cases involving a section 7201 convicted spouse, the Court has continued to apply the refinement at issue with respect to an unconvicted spouse who was not a party to the convicted spouse's criminal proceedings not only where the Commissioner has determined a fraud penalty against that spouse and then failed to prove it applied, but where the Commissioner has determined the penalty

---

[9] Such relief is now found in section 6015.

**[*18]** against the unconvicted spouse and then conceded it, and where the Commissioner has conceded the penalty in the first instance such that he did not assert it against the unconvicted spouse at all. *See, e.g.*:

- *Durland*, T.C. Memo. 2016-133, at *5, *56–58, *74–75 (section 6663 fraud penalties were determined against the section 7201 convicted spouse only; but the Commissioner conceded and, citing *Vannaman*, the Court agreed, that the Commissioner could not rely on estoppel for purposes of proving the fraud exception to the general three-year period of limitations applied as to the unconvicted spouse and that the Commissioner must instead affirmatively prove fraud on the evidence for the period to remain open as to that spouse);

- *Norris v. Commissioner*, 2011 WL 2670580, at *1, *8–9 (section 6663 fraud penalties were determined against both the section 7201 convicted spouse and the unconvicted spouse; the Court held the unconvicted spouse was not liable for the penalties on account of the Commissioner's failure of proof; citing *Vannaman*, the Court also held that the unconvicted spouse was not estopped from denying fraud for period of limitations purposes and that the Commissioner was required to affirmatively prove fraud on the evidence for the period to remain open as to that spouse);

- *Carsendino v. Commissioner*, T.C. Memo. 1994-79, 1994 WL 53734, at *1–2, *4 (section 6653 fraud penalties were determined against both the section 7201 convicted spouse and the unconvicted spouse; the Commissioner conceded the unconvicted spouse was not liable for the penalties; citing *Moore*, the Court acknowledged that the unconvicted spouse was not estopped from presenting evidence regarding lack of fraud for period of limitations purposes but concluded she failed to offer any evidence to contradict that offered by the Commissioner);

- *Zwick v. Commissioner*, T.C. Memo. 1990-389, 60 T.C.M. (CCH) 267, 268 (section 6653 penalties were determined against both the section 7201 convicted spouse and the unconvicted spouse; the Commissioner conceded the unconvicted spouse was not liable for the penalties; citing *Stone*, the Court held the unconvicted spouse was not estopped from denying fraud and that the Commissioner was required to affirmatively prove fraud on the evidence for the period of limitations to remain open as to that spouse);

**[\*19]**

- *Parks v. Commissioner*, T.C. Memo. 1990-281, 59 T.C.M. (CCH) 803, 804, 811–12 (section 6653 fraud penalties were determined against both the section 7201 convicted spouse and the unconvicted spouse; the Court held the unconvicted spouse was not liable for the penalties on account of the Commissioner's failure of proof; citing *Rodney*, the Court also held that the Commissioner was required to affirmatively prove on the evidence that the period of limitations remained open as to the unconvicted spouse and concluded that the Commissioner did so based on the six-year exception provided by section 6501(e)(1) for a substantial omission of income (whereas the Court applied the section 6501(c)(1) exception for fraud to the convicted spouse));

- *Quantz v. Commissioner*, T.C. Memo. 1990-39, 58 T.C.M. (CCH) 1274, 1275, 1279–80 (section 6653 fraud penalties were determined against both the section 7201 convicted spouse and the unconvicted spouse; the Court held the unconvicted spouse was not liable for the penalties on account of the Commissioner's failure of proof; citing *Rodney*, the Court also held that the Commissioner could not rely on collateral estoppel for the bar of the period of limitations to be lifted as to both spouses but that the period remained open because the Commissioner had established the convicted spouse's fraud on the evidence);

- *Bell v. Commissioner*, T.C. Memo. 1987-501, 54 T.C.M. (CCH) 753, 754, 756–57 (section 6653 fraud penalties were determined against the section 7201 convicted spouse; the unconvicted spouse's potential liability did not include the penalties (the Court made no explicit finding regarding whether the Commissioner conceded the penalties before or after the notice of deficiency was issued); citing *Moore*, *Rodney*, and *Stone*, the Court held the unconvicted spouse was not estopped from denying fraud and that the Commissioner was required to affirmatively prove fraud on the evidence for the period of limitations to remain open as to that spouse).[10]

---

[10] We also note here those cases in which we have considered the Commissioner's reliance on our ruling in *Allen v. Commissioner*, 128 T.C. 37 (2007), that the period of limitations may be held open under section 6501(c)(1) with respect to a fraudulent return with the intent to evade tax where the requisite intent belongs to the taxpayer's return preparer (rather than the taxpayer's spouse). It is not lost on us that in those cases, except where the taxpayer has conceded the preparer's

**[\*20]** We read this long line of cases to hold that the unconvicted spouse who was not a party to the convicted spouse's section 7201 criminal proceedings is allowed her "day" in Court for purposes of litigating the application of the fraud exception to the general three-year period of limitations regardless of whether she herself is subject to a fraud penalty.

Respondent has not addressed these cases. He instead points us only to *Black v. Commissioner*, T.C. Memo. 2007-364, 2007 WL 4302432, for the general rule that if a joint return is filed, proof of fraud as to one spouse lifts the bar of the period of limitations as to both spouses. *Id.* at \*7 (citing *Vannaman*, 54 T.C. at 1018). But we do not read *Black* to compel the result respondent seeks, as there is no indication that either joint-filing spouse in that case was convicted of section 7201 tax evasion and the operation of collateral estoppel with respect to such a conviction was not at issue.

Respondent has failed to provide us with any other support for the notion that his burden to prove fraud in the period of limitations context should vary as to an unconvicted spouse on the basis of whether he has also sought a fraud penalty from her.[11] The parties do not dispute

---

fraudulent intent, *see Allen*, 128 T.C. at 38; *Murrin v. Commissioner*, T.C. Memo. 2024-10, at \*2–3, *aff'd*, 158 F.4th 527 (3d Cir. 2025), we have also consistently required the Commissioner to affirmatively prove such intent by clear and convincing evidence, *see, e.g.*, *Finnegan v. Commissioner*, T.C. Memo. 2016-118, at \*21, *aff'd*, 926 F.3d 1261 (11th Cir. 2019); *Ames-Mechelke v. Commissioner*, T.C. Memo. 2013-176, at \*15; *Eriksen v. Commissioner*, T.C. Memo. 2012-194, 2012 WL 2865875, at \*7; *City Wide Transit, Inc. v. Commissioner*, T.C. Memo. 2011-279, 2011 WL 5884981, at \*5, *rev'd on other grounds*, 709 F.3d 102 (2d Cir. 2013); *Browning v. Commissioner*, T.C. Memo. 2011-261, 2011 WL 5289636, at \*10.

[11] Albeit with respect to his argument that Ms. Hu should be collaterally estopped along with Mr. Li from denying the existence of underpayments for the years in issue, *see supra* note 5, respondent does also direct us to *Wilson v. Commissioner*, T.C. Memo. 2002-234, 2002 WL 31094840, at \*1 n.1. In that case, husband and wife Maurice and Dorris Wilson filed joint returns for 1993 and 1994, and Mr. Wilson was convicted of section 7201 tax evasion for those years. *Wilson v. Commissioner*, 2002 WL 31094840, at \*1–2. In addition to deficiencies, the Commissioner determined section 6663 fraud penalties with respect to underpayments attributable to compensation he determined was received by Mr. Wilson and section 6662 accuracy-related penalties with respect to underpayments attributable to compensation he determined was received by Ms. Wilson, and he subsequently sought summary judgment. *Wilson v. Commissioner*, 2002 WL 31094840, at \*1–2.

As to Mr. Wilson, the Court expressly applied the doctrine of collateral estoppel to hold that he was barred from relitigating whether he underpaid his taxes and the underpayments were due to fraud by him. *Id.* at \*3–4. As to Ms. Wilson, however, the Court found that she had failed to participate in the case before it and thus concluded

**[\*21]** that Ms. Hu was not a party to Mr. Li's criminal proceedings. And in accordance with *Rodney*, *C.B.C. Super Markets*, *Vannaman*, *Stone*, and their progeny, we therefore conclude that she is entitled to dispute the issue of fraud for period of limitations purposes.[12]

Correspondingly, we also conclude that, for the fraud exception to the general three-year period of limitations to apply as to Ms. Hu, respondent must establish by clear and convincing evidence that false and fraudulent returns were filed with the intent to evade tax for each of the years in issue. *See* §§ 6501(c)(1), 7454(a); *Gould*, 139 T.C. at 431; *Harlan*, 116 T.C. at 39. Petitioners contend that respondent has failed to provide such evidence and that they are therefore entitled to judgment that the period of limitations for each of the years in issue has passed as to both of them and they are not liable for any of the determined deficiencies or penalties. As to Mr. Li, however, we have already concluded that he is estopped to deny fraud by him with respect to the years in issue such that the periods of limitations remain open as to him and he is liable for the determined fraud penalties to the extent of any underpayments. And as to Ms. Hu, although we have concluded

that she did not dispute that the Commissioner's summary judgment motion should be granted as to her. *Id.* at \*1 n.1. In a single sentence at the end of the cited footnote, however, the Court also stated that "[a]ssuming arguendo that we had not concluded that Ms. Wilson does not dispute that [the Commissioner's] motion should be granted as to her, on the record before us, we conclude that [the Commissioner's] motion should be granted as to Ms. Wilson." *Id.*

According to respondent, *Wilson* "indicat[es] that petitioner-spouse who was not criminally convicted was nonetheless subject to collateral estoppel as it related to the existence of the underpayment." But it is far from clear to us that the cited footnote constitutes an intentional application of collateral estoppel by the Court with respect to an unconvicted spouse, be it in regard to the existence of an underpayment or otherwise. In contrast to its treatment of Mr. Wilson, to whom the Court expressly applied the doctrine of collateral estoppel, the Court included in neither the footnote nor the remainder of the opinion any explicit statement that it was applying collateral estoppel with respect to Ms. Wilson. In fact, it included no discussion at all of the proper application of collateral estoppel to either Ms. Wilson specifically or unconvicted spouses generally. Like *Black*, we therefore also consider *Wilson* to be of little help to respondent.

[12] We are aware that in *Witasick v. Commissioner*, T.C. Memo. 2024-112, at \*8–9, \*12–13, and *Senyszyn v. Commissioner*, T.C. Memo. 2013-274, at \*12–15, where the Commissioner sought a section 6663 fraud penalty from only the section 7201 convicted spouse, the Court did not apply the refinement at issue with respect to the unconvicted spouse but instead appears to have held the period of limitations open as to both spouses on the basis that the convicted spouse was estopped to deny fraud. Like respondent, however, those opinions did not address the above line of cases, and we find them of little assistance to respondent as well.

**[\*22]** that Mr. Li's indictment and conviction for tax evasion for each of the years in issue do not estop her from contesting fraud, we find that they do present sufficient evidence of the existence of fraud to raise a material dispute of fact for trial. *See, e.g.*, *Anderson v. Commissioner*, 2009 WL 454182, at \*12–13; *Carsendino v. Commissioner,* 1994 WL 53734, at \*3–4.

IV.     *Conclusion*

We have held that the requirements of section 6751(b) have been satisfied with respect to the section 6663 fraud penalties determined against Mr. Li. We have also held that Mr. Li is estopped by his section 7201 tax evasion conviction from denying fraud by him such that he is liable for the penalties to the extent of any underpayments for the years in issue and the period of limitations for each of those years remains open as to him. With respect to Ms. Hu, we have held that she is entitled to contest the issue of fraud for purposes of determining whether the period of limitations for each of the years in issue remains open as to her but that there are material facts in dispute in this regard which are to be resolved at trial. We will thus grant respondent's Motion in part and deny it in part, and we will deny petitioners' Cross-Motion.

We have considered all of the parties' arguments and, to the extent not discussed above, conclude they are irrelevant, moot, or without merit.

To reflect the foregoing,

*An appropriate order will be issued.*